1  **Geoffrey M. Ezgar (SBN 184243)**
   gezgar@sidley.com
2  **Robert B. Martin III (SBN 235489)**
   rbmartin@sidley.com
3  **SIDLEY AUSTIN LLP**
   **555 California Street, Suite 2000**
4  **San Francisco, California  94104**
   **Telephone:        (415) 772-1200**
5  **Facsimile:         (415) 772-7400**

6  **Michael C. Kelley (SBN 090062)**
   mkelley@sidley.com
7  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, 40th Floor**
8  **Los Angeles, California 90013**
   **Telephone:        (213) 896-6000**
9  **Facsimile:         (213) 896-6600**

10 **Attorneys For Defendant KPMG LLP**

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14

15 In re BROCADE COMMUNICATIONS       ) Case No. C 05-02233 CRB
   SYSTEMS, INC., DERIVATIVE          )
16 LITIGATION                         ) **STATEMENT OF POSITION REGARDING**
                                      ) **SUBJECT MATTER JURISDICTION**
17                                    )
                                      ) Hearing Date: April 27, 2007 at 10:00 a.m.
18                                    ) Before: Honorable Charles R. Breyer
                                      )
19 This Document Relates To:          )
                                      )
20     ALL ACTIONS.                   )

---

KPMG LLP'S STATEMENT OF POSITION REGARDING SUBJECT MATTER JURISDICTION
CASE NO. C 05-02233 CRB

1    KPMG LLP ("KPMG") respectfully submits the following facts and law relevant to the Court's determination of its subject matter jurisdiction over this action.

KPMG was not served with the complaint until September 27, 2006, well after the Court dismissed the complaint, and the plaintiffs and other defendants had entered into a stipulated settlement releasing all claims against certain defendants, including KPMG. Because the action had been pending for over a year before KPMG was served, and no question as to the Court's jurisdiction had been raised, KPMG and its counsel did not conduct a jurisdictional analysis until after Objectors raised the potential jurisdictional defect on April 6, 2007.

Because KPMG is a limited liability partnership, KPMG is a citizen of each state of which its partners are citizens. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (stating rule for limited partnerships); 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.57[9] (3d ed. 2006) (noting the *Carden* rule is the same for limited liability partnerships). KPMG has partners who are citizens of New York, New Jersey, and Florida (among other states), and thus KPMG considers itself a citizen of those states for purposes of diversity jurisdiction.

KPMG respectfully suggests that Plaintiffs and/or the Court may correct the jurisdictional defect here by dismissing KPMG from this action without prejudice. *See* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). This would allow the Court to maintain jurisdiction and approve the parties' settlement.

Dated: April 26, 2007                                   Respectfully submitted,

                                                        SIDLEY AUSTIN LLP


                                                        By: /s/ Geoffrey M. Ezgar
                                                            Geoffrey M. Ezgar
                                                            Attorneys For Defendant KPMG LLP