IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BROCADE COMMUNICATIONS SYSTEMS, INC. DERIVATIVE LITIGATION<br><br>This document relates to<br><br>ALL ACTIONS<br>_____ / | No. C 05-02233 CRB<br><br>**MEMORANDUM ORDER on MOTIONS TO DISMISS** |

    This matter began as a consolidated shareholders' derivative action brought on behalf of Brocade Communications Systems, Inc. ("Brocade" or the "Company") against former officers and directors of the Company. Defendants were allegedly involved in a scheme to manipulate stock option grant dates so as to maximize profits to themselves at the expense of the Company. The original shareholder plaintiffs asserted violations of state law, including breaches of fiduciary duties and unjust enrichment. See Verified Derivative Complaint ¶ 1 (Dkt. 1). The Court dismissed the original complaint with leave to amend because no demand was made on the Company. After prolonged negotiations, the Company formed a Special Litigation Committee, which decided to take over litigation and pursue this matter on Brocade's behalf. On August 1, 2008, Brocade filed a Second Amended Complaint ("SAC"). The SAC named Defendants who were not previously part of the derivative action and asserted additional claims under federal securities law.

1    Presently before the Court are Motions to Dismiss filed by all Defendants. The Court
2 conducted a hearing on December 5, 2008. The Court indicated to the parties that it would
3 issue an order the following week. Based on the papers submitted to date and oral argument,
4 the Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss, in the
5 manner detailed below. The full reasoning that serves as the underpinning of the Court's
6 order will be included in a forthcoming opinion.

7    All claims against Defendant Jack Cuthbert are DISMISSED as untimely.
8    All claims against Defendant Paul R. Bonderson, Jr. are DISMISSED as untimely.
9    All claims against Defendant Michael Byrd are DISMISSED as untimely.
10   All claims against Defendant Mark Leslie are DISMISSED as untimely.

11   The second, fifth, sixth, seventh, eighth, ninth, and eleventh causes of action asserted
12 against Defendant Stephanie Jensen are DISMISSED as untimely. The twelfth and thirteenth
13 causes of action asserted as alternative theories against Defendant Jensen are DISMISSED
14 because she was a fiduciary of the Company.

15   The fifth, sixth, seventh, and eighth causes of action asserted against Defendant
16 Robert D. Bossi are DISMISSED, as Mr. Bossi was not a fiduciary of the Company. The
17 claim for unjust enrichment against Bossi is DISMISSED as untimely. The claim for breach
18 of an employee's duty of loyalty is DISMISSED, as it is inapplicable under the facts of this
19 case. However, the claim against Bossi for aiding and abetting a breach of fiduciary duty
20 may proceed, as it was sufficiently pled and the four-year statute of limitations has not run.

21   The fraud claims asserted against Defendant Antonio Canova under Section 10(b) of
22 the Securities Exchange Act of 1934 and California law are DISMISSED with leave to
23 amend, as Plaintiff Brocade's pleading does not sufficiently state a basis for relief. The
24 causes of action based on Section 304 of the Sarbanes-Oxley Act are DISMISSED with
25 prejudice for failure to state a claim. The fifth, sixth, seventh, eighth, and eleventh causes of
26 action based on the breach of fiduciary duties and unjust enrichment may proceed against
27 Defendant Canova.

28

The fraud claims asserted against Defendant Neal Dempsey under Section 10(b) of the Securities Exchange Act of 1934 and California law are DISMISSED as untimely.  The fifth, seventh, and eighth causes of action alleging various breaches of fiduciary duties may proceed against Defendant Dempsey.

The fraud claims asserted against Defendant Seth Neiman under Section 10(b) of the Securities Exchange Act of 1934 and California law are DISMISSED as untimely.  The fifth, seventh, and eighth causes of action alleging various breaches of fiduciary duties may proceed against Defendant Neiman.

The civil RICO § 1962 action is DISMISSED as to Defendant Gregory Reyes for failure to state a claim.  The fraud claims asserted against Defendant Gregory Reyes under Section 10(b) of the Securities Exchange Act of 1934 and California law are DISMISSED as untimely.  The causes of action based on Section 304 of the Sarbanes-Oxley Act are DISMISSED with prejudice for failure to state a claim.  The fifth, sixth, seventh, and eighth causes of action alleging various breaches of fiduciary duties may proceed against Defendant Reyes.  The claim for unjust enrichment against Defendant Reyes may also proceed.

The claim for contribution is DISMISSED without prejudice as to all Defendants because it is not yet ripe for determination.

**IT IS SO ORDERED.**

Dated: December 12, 2008

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE