DEWEY & LEBOEUF LLP
Barbara A. Caulfield (SBN 108999)
E-mail: bcaulfield@dl.com
Peter E. Root (SBN 142348)
E-mail: proot@dl.com
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Telephone:   (650) 845-7000
Facsimile:   (650) 845-7333

DEWEY & LEBOEUF LLP
1101 New York Avenue, N.W., Suite 1100
Washington, DC 20005
Telephone:   (202) 346-8000
Facsimile:   (202) 346-8102

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone:   (212) 259-8000
Facsimile:   (212) 259-6333

Attorneys for Plaintiff
BROCADE COMMUNICATIONS SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE BROCADE COMMUNICATIONS SYSTEMS, INC. DERIVATIVE LITIGATION <br><br> This Documents Relates to: <br><br> ALL ACTIONS | Case No. C 05-02233 CRB <br><br> **STIPULATION AND ORDER SCHEDULING ORDER** <br><br> Courtroom:   8, 19th Floor <br> The Honorable Charles R. Breyer |

Plaintiff Brocade Communications Systems, Inc. ("Brocade") and defendants Gregory L. Reyes, Antonio Canova, Neal Dempsey, Seth D. Neiman, and Robert D. Bossi (collectively, with Brocade, the "Parties") hereby submit this Stipulation and [Proposed] Scheduling Order.

## RECITALS

Whereas, this action began as a shareholder derivative action on behalf of Brocade against certain former officers and directors of Brocade;

Whereas, pursuant to the Court's Order dated June 18, 2008, Brocade (by the through the Special Litigation Committee of Brocade's Board of Directors) filed a Second Amended Complaint ("SAC") on August 1, 2008;

Whereas, on August 27, 2008, the Court entered an Order realigning the parties, with Brocade re-designated as the sole party-plaintiff and substituted for the shareholder plaintiffs;

Whereas, the SAC asserted claims against four defendants (Reyes, Canova, Dempsey, and Neiman) who were originally named as defendants in the underlying derivative action, and against six defendants (Paul R. Bonderson, Jr., Robert Bossi, Michael Byrd, Jack Cuthbert, Stephanie Jensen, and Mark Leslie) who were not previously part of the derivative action in this Court;

Whereas, on October 6, 2008, each of the ten defendants filed a motion to dismiss the SAC;

Whereas, the Court entered a Memorandum Order On Motions To Dismiss on December 12, 2008, in which the Court granted in part and denied in part the defendants' motions to dismiss, and entered a further Order On Motions To Dismiss on January 6, 2009 setting forth the reasons for the Court's decision (together, the "Orders On Motion To Dismiss");

Whereas, as set forth in its Orders On Motions To Dismiss, the Court dismissed all claims against defendants Bonderson, Byrd, Cuthbert, Jensen, and Leslie (each of whom remains a defendant in the parallel action pending in the Santa Clara Superior Court), and certain of the claims asserted against defendants Reyes, Canova, Dempsey, Neiman, and Bossi;

Whereas, in its Orders On Motions To Dismiss, the Court ruled that Brocade's tenth cause of action for contribution – which was asserted against Reyes, Canova, Byrd, Dempsey, Leslie, and Neiman – is dismissed without prejudice because it is not yet ripe for determination.

Whereas, in its Orders On Motions To Dismiss, the Court ruled that Brocade may proceed on the following claims against the identified defendants: the fifth, sixth, seventh, eighth, and eleventh causes of action alleging various breaches of fiduciary duty and unjust enrichment against Reyes and Canova; the fifth, seventh, and eighth causes of action alleging various breaches of fiduciary duty against Dempsey and Neiman; and the thirteenth cause of action for aiding and abetting a breach of fiduciary duty against Bossi;

Whereas, discovery in this action had been stayed pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 providing for an automatic stay of discovery during the pendency of any motion to dismiss;

Whereas, in its Order dated September 18, 2008, the Court set a trial date of June 15, 2009, and set June 4, 2009 for the pretrial conference, and June 11, 2009 for jury selection.

Whereas, the Parties participated in a meet-and-confer conference on October 7, 2008 (in which the now-dismissed defendants also participated), and in further conferences on January 6 and 7, 2009 pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, to discuss a discovery plan and pretrial schedule;

Now, therefore, the Parties, through their undersigned counsel, stipulate and agree, subject to approval by the Court, as follows:

## I. JOINTLY PROPOSED PRETRIAL SCHEDULE

### A. FACT DISCOVERY

#### 1. Initial Disclosures

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed by January 20, 2009.

#### 2. Response to Previously Served Document Requests

At the meet-and-confer conference on October 7, 2008, Brocade invited the defendants to serve requests for production of documents on Brocade, notwithstanding the stay on discovery then in effect. Defendants Reyes and Bossi each served document requests on Brocade on October 21, 2008, and November 17, 2008, respectively. Brocade shall provide a written response to these

- 2 -
STIPULATION AND [PROPOSED] SCHEDULING ORDER
CASE NO.: C 05-02233 CRB

1  documents requests, and shall substantially complete its production of documents responsive to
2  those parts of the requests to which Brocade does not object, by January 12, 2009.

3  **3.  Written Discovery**

4  All requests for production of documents, interrogatories, and requests for admission must be
5  served by March 1, 2009, so that all written discovery is completed by the fact discovery final
6  deadline of March 31, 2009.

7  **4.  Fact Depositions**

8  (a)  Deadline: All depositions, other than expert depositions, must be
9  completed by March 31, 2009.

10  (b)  Identification of Deponents and Deposition Scheduling: On or before
11  January 23, 2009, the Parties shall meet-and-confer to discuss the scheduling of depositions of fact
12  witnesses, including depositions that may already have been noticed (or a subpoena issued). Each
13  Party shall make a good faith effort to identify the individuals or organizations that it or he expects
14  to depose, with the understanding that this good faith exchange of information is not intended to be
15  binding on any Party, and no Party shall be precluded from taking the deposition of a subsequently
16  identified individual or organization. At this meet-and-confer and continuing thereafter, the Parties
17  shall make every attempt to reach a mutually acceptable deposition schedule for factual witnesses
18  with the understanding that it may be necessary to double-track or even triple track depositions in
19  order to meet the schedule set out in this Order.

20  (c)  Number of Depositions Allowed:

21  Excluding expert witness depositions, Brocade shall take no more than twenty-five
22  (25) depositions, and the defendants (as a group) shall take no more than twenty-five (25)
23  depositions. As provided in Fed. R. Civ. P. 30(d)(1), unless otherwise stipulated or ordered by the
24  Court, each deposition shall be limited to one (1) day of seven (7) hours.

25  **5.  Fact Discovery Final Deadline**

26  All discovery, other than expert discovery, must be completed by March 31, 2009.

27
28

**B.  EXPERT DISCOVERY**

    **1.  Expert Designations and Reports**

        (a)  The Party with the burden of proof on an issue shall designate any experts on that issue, disclose the information contemplated by Fed. R. Civ. P. 26(a)(2), and serve opening expert reports by March 2, 2009.

        (b)  Each Party shall identify experts in rebuttal to testimony referred to in paragraph I.B.1(a) above, and serve expert rebuttal reports, if required, pursuant to Fed. R. Civ. P. 26(a)(2) by March 30, 2009.

    **2.  Expert Depositions**

        All depositions of all Parties' designated experts must be completed by April 10, 2009.

**C.  DISPOSITIVE MOTIONS**

    1.  Dispositive motions, such as motions for summary judgment or partial summary judgment, must be filed by April 13, 2009.

    2.  Oppositions to dispositive motions must be filed by May 4, 2009.

    3.  Replies in support of dispositive motions must by filed by May 14, 2009.

    4.  All dispositive motions shall be heard on May 28, 2009.

**D.  Pre-Trial Conference And Interim Deadlines**

    1.  <u>Identification of Trial Witnesses</u>:

        (a)  <u>Witnesses for Case-In-Chief</u>:

Each Party must serve on the other Parties a list identifying all fact witnesses that the Party expects to present at trial by April 10, 2009.

        (b)  <u>Rebuttal Witnesses</u>:

Each Party must serve on the other Parties a list identifying all fact witnesses that the Party expects to call at trial, or may call if the need arises, in rebuttal to witnesses identified pursuant to paragraph I.D.1(a) above by April 17, 2009.

    4.  <u>Identification of Trial Exhibits</u>:

(a) <u>Exhibits for Case-in-Chief</u>: Each Party must serve on the other Parties a list identifying each document or other exhibit that the Party expects to offer at trial, other than solely for purposes of impeachment, by May 8, 2009.

(b) <u>Exhibits for Rebuttal</u>: Each Party must serve on the other Parties a counter-list identifying each document or other exhibit that the Party expects to offer at trial, other than solely for purposes of impeachment, in response to the documents or other exhibits identified pursuant to paragraph I.D.4(a) above by May 13, 2009.

5. <u>Motions *in limine*</u>:

(a) <u>Motions</u>: Motions *in limine* that any Party intends to make must be served on the other Parties by May 15, 2009, in accordance with the Court's Guidelines For Trial And Final Pretrial Conference In Civil Jury Cases that was filed by the Court in this action on September 18, 2008 (the "Court's Guidelines").

(b) <u>Oppositions</u>: Oppositions to motions *in limine* must be served on the other Parties by May 26, 2008, in accordance with the Court's Guidelines.

(c) <u>Filing of Collated Motions/Oppositions</u>: Motions *in limine*, together with the any opposition thereto, must be filed by the moving Party by May 28, 2009, in accordance with the Court's Guidelines.

6. <u>Pretrial Briefs</u>: In accordance with the Court's Guidelines, pretrial briefs are optional but, if filed, must be filed by May 28, 2009.

10. <u>Proposed Final Pretrial Order</u>: The Parties shall file a joint proposed final pretrial order on May 28, 2009, in accordance with the Court's Guidelines.

11. <u>Jury Instructions/Voir Dire</u>: The Parties shall file proposed jury instructions and proposed voir dire by May 28, 2009, in accordance with the Court's Guidelines.

12. <u>Pretrial Conference</u>: The pretrial conference shall be held on June 4, 2009, at 2:30 p.m., as previously set by the Court.

13. <u>Jury Selection</u>: Jury selection shall commence on June 09, 2009, at 8:30 a.m..

E.  **Trial Date**

1. The trial shall commence on June 15, 2009, at 8:30 a.m., as previously set by the Court.

2. Post-trial submissions, if any, shall be due thirty (30) calendar days from the last day of trial.

F.  **Summary Of Pretrial Schedule And Trial Date**

**Fact Discovery**

| | |
|---|---|
| Brocade's Response to Previous Document Requests | January 12, 2009 |
| Initial Disclosures | January 20, 2009 |
| Meet-and-Confer Re: Deposition Scheduling | January 23, 2009 |
| Fact Discovery Final Deadline | March 31, 2009 |

**Expert Discovery**

| | |
|---|---|
| Designations of Experts/Reports of Party with Burden | March 2, 2009 |
| Designations of Rebuttal Experts/Reports | March 30, 2009 |
| Deadline for Complete of Expert Depositions | April 10, 2009 |

**Trial Witnesses (Fact Witnesses)**

| | |
|---|---|
| Identification of Trial Witnesses | April 10, 2009 |
| Identification of Rebuttal Trial Witnesses | April 17, 2009 |

**Dispositive Motions**

| | |
|---|---|
| Deadline for Filing Dispositive Motions | April 13, 2009 |
| Oppositions | May 4, 2009 |
| Replies | May 14, 2009 |
| Hearing Date | May 28, 2009 |

**Pretrial Procedures**

| | |
|---|---|
| Designation of Trial Exhibits | May 8, 2009 |
| Counter-Designation of Trial Exhibits | May 13, 2009 |

DEWEY & LeBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

| | | |
|---|---|---|
| 1 | Motions *in Limine* | May 15, 2009 |
| 2 | Oppositions to Motions *in Limine* | May 26, 2009 |
| 3 | Filing of paired sets of Motions *in Limine*/Oppositions | May 28, 2009 |
| 4 | Filing of Joint Proposed Final Pretrial Order | May 28, 2009 |
| 5 | Filing of Proposed Jury Instructions/Voir Dire | May 28, 2009 |
| 6 | Pretrial Briefs | May 28, 2009 |
| 7 | Pretrial Conference | June 4, 2009 |
| 8 | Jury Selection | June 9, 2009 |

**Trial and Post-Trial Submissions**

| | | |
|---|---|---|
| 11 | Trial Date | June 15, 2009 |
| 12 | Post-Trial Submissions | 30 days after trial |

Dated: January 15, 2009            DEWEY & LEBOEUF LLP

/s/ Peter E. Root
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Peter E. Root

Attorneys For Plaintiff
BROCADE COMMUNICATIONS SYSTEMS, INC.

Dated: January 15, 2009            HOGAN & HARTSON LLP

/s/ Norman Blears
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Norman Blears

Attorneys For Defendant Antonio Canova

Dated: January 15, 2009            WILMER CUTLER PICKERING HALE & DORR

|   |   |   |
|---|---|---|
| 1 | | /s/ Jonathan A. Shapiro |
| 2 | | Jonathan A. Shapiro |
|   | | Attorneys For Defendant Seth D. Neiman |
| 3 | | |
| 4 | Dated: January 15, 2009 | K&L GATES LLP |
| 5 | | |
| 6 | | /s/ Jeffrey L. Bornstein |
| 7 | | Jeffrey L. Bornstein |
| 8 | Dated: January 15, 2009 | Attorneys For Defendant Neal Dempsey |
| 9 | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 10 | | |
| 11 | | /s/ Garrett J. Waltzer |
|    | | Garrett J. Waltzer |
| 12 | | Attorneys For Defendant |
| 13 | | Gregory L. Reyes |
| 14 | Dated: January 15, 2009 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 15 | | |
| 16 | | /s/ Michael D. Torpey |
| 17 | | Michael D. Torpey |

(Left margin: DEWEY & LeBOEUF LLP, 1950 University Avenue, Suite 500, East Palo Alto, CA 94303-2225)

- 8 -
STIPULATION AND [PROPOSED] SCHEDULING ORDER
CASE NO.: C 05-02233 CRB

### ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Peter E. Root, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45.X.B., I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of January, 2009, at East Palo Alto, California.

/s/ Peter E. Root
Peter E. Root

### ORDER

Upon Stipulation of the Parties as modified by the Court and good cause appearing therefor,

**IT IS SO ORDERED.**

Dated:   January 16, 2009



THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED AS MODIFIED
Judge Charles R. Breyer

- 9 -
STIPULATION AND [PROPOSED] SCHEDULING ORDER
CASE NO.: C 05-02233 CRB