1    DEWEY & LEBOEUF LLP
     Barbara A. Caulfield (bcaulfield@dl.com) SBN 108999
2    Peter E. Root (proot@dl.com) SBN 142348
     1950 University Avenue, Suite 500
3    East Palo Alto, California 94303
     Telephone: (650) 845-7000
4    Facsimile: (650) 845-7333

5    DEWEY & LEBOEUF LLP
     1101 New York Avenue, N.W., Suite 1100
6    Washington, DC 20005
     Telephone: (202) 346-8000
7    Facsimile: (202) 346-8102

8    DEWEY & LEBOEUF LLP
     1301 Avenue of the Americas
9    New York, New York 10019
     Telephone: (212) 259-8000
10   Facsimile: (212) 259-6333

11   *Attorneys for Plaintiff*
     *Brocade Communications Systems, Inc.*

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17   IN RE BROCADE COMMUNICATIONS          Case No.  C 05-02233 CRB
     SYSTEMS, INC. DERIVATIVE
     LITIGATION                            STIPULATION AND [PROPOSED]
18                                         ORDER RE: DISMISSAL OF
     This Document Relates to:            REMAINING CLAIM AGAINST
19                                         DEFENDANT ROBERT D. BOSSI
            ALL ACTIONS
20

21

22

23

24

25

26

27

28
                                  STIPULATION AND PROPOSED ORDER RE:
                            DISMISSAL OF REMAINING CLAIM AGAINST BOSSI
                                       CASE NO.:  C-05-02233 CRB

1    This Stipulation is made by and between plaintiff Brocade Communications Systems, Inc.

2    ("Brocade"), through the Special Litigation Committee of its Board of Directors (the "SLC"), and

3    defendant Robert D. Bossi ("Bossi").

4    **RECITALS**

5    WHEREAS, beginning in June 2005, certain shareholder derivative actions were commenced

6    in the United States District Court for the Northern District of California asserting a variety of claims

7    arising from Brocade's historical equity options compensation practices and related matters, which

8    actions were assigned to this Court and consolidated as *In re Brocade Communications Systems, Inc.*

9    *Derivative Litigation*, No. 05-cv-2233-CRB (the "Consolidated Federal Derivative Action");

10   WHEREAS, the SLC, acting on behalf of Brocade, filed a Second Amended Complaint in

11   the Consolidated Federal Derivative Action on August 1, 2008, asserting claims on behalf of

12   Brocade against ten defendants, including Bossi, who had not previously been a defendant in the

13   Consolidated Federal Derivative Action;

14   WHEREAS, on October 6, 2008, Bossi and the other nine defendants each filed a motion to

15   dismiss the Second Amended Complaint;

16   WHEREAS, on December 12, 2008, this Court issued an Order, supplemented by an opinion

17   issued January 6, 2009, in which the Court dismissed all claims against Bossi with the exception of a

18   claim for aiding and abetting other defendants' breaches of fiduciary duty (*i.e.*, the Thirteenth Cause

19   of Action of the Second Amended Complaint);

20   WHEREAS, Brocade and Bossi entered into a settlement agreement on January 26, 2009 (the

21   "Settlement Agreement");

22   WHEREAS, on February 3, 2009, Brocade submitted a copy of the Settlement Agreement to

23   this Court, and filed a motion seeking a determination that the settlement was made in good faith and

24   a Complete Bar Order barring contribution claims;

25   WHEREAS, on March 13, 2009, this Court entered an Order Determining Good Faith

26   Settlement, which included a Complete Bar Order;

27

28

- 1 -

1    WHEREAS, on March 23, 2009, Bossi completed full payment and transfer of the settlement

2    consideration to Brocade as provided in the Settlement Agreement;

3    WHEREAS, the Settlement Agreement provides that, within two business days after the date

4    of payment, Brocade shall move the Court for an Order dismissing with prejudice the remaining

5    claim against Bossi in the Consolidated Federal Derivative Action;

6    WHEREAS, the Settlement Agreement provides that Bossi has continuing cooperation

7    obligations as set forth in paragraphs 3 and 4 of the Settlement Agreement, and that Brocade and

8    Bossi each may terminate the Settlement Agreement under certain circumstances, as provided in

9    subparagraphs (a) and (b) of paragraph 10 of the Settlement Agreement;

10    WHEREAS, the Settlement Agreement further provides that Brocade and Bossi will request

11    the Court to retain continuing and exclusive jurisdiction to enforce the Complete Bar Order and to

12    adjudicate any claims relating to the interpretation of the Complete Bar Order and the Settlement

13    Agreement;

14    WHEREAS, Brocade and Bossi request the Court to retain jurisdiction to enforce the terms

15    of their Settlement Agreement and the Complete Bar Order under the authority of *Kokkonen v.*

16    *Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994).

17    NOW, THEREFORE, Brocade and Bossi, through their respective undersigned counsel,

18    hereby stipulate, subject to the Court's approval, as follows:

19    1.    The remaining claim against Bossi in the Consolidated Federal Derivative Action,

20    *i.e.*, the Thirteenth Cause of Action of the Second Amended Complaint (for aiding and abetting

21    breaches of fiduciary duty), shall be and hereby is dismissed with prejudice.

22    2.    Brocade and Bossi shall comply with the terms of their Settlement Agreement, a copy

23    of which is attached and incorporated by reference as if fully set forth.

24    3.    By consent of Brocade and Bossi, the Court shall retain jurisdiction for purposes of

25    enforcing the terms of the Settlement Agreement and the Complete Bar Order.

26

27

28

1    Dated:  March 24, 2009               DEWEY & LEBOEUF LLP

2

3                            By: /s/  Peter E. Root

                                     Peter E. Root

4                            Attorneys For Plaintiff

                            Brocade Communications Systems, Inc.

5

6    Dated:  March 24, 2009               ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                            By: /s/  Michael D. Torpey

                                     Michael David Torpey

9                            Attorneys For Defendant Robert D. Bossi

10

11          **ATTESTATION PURSUANT TO GENERAL ORDER 45**

12         I, Peter E. Root, am the ECF User whose ID and password are being used to file this

13   Stipulation and [Proposed] Order Re: Dismissal of Remaining Claim Against Defendant Robert D.

14   Bossi.  In compliance with General Order 45.X.B, I hereby attest that concurrence in the filing of

15   this document has been obtained from each of the other signatories.  I declare under penalty of

16   perjury under the laws of the United States of America that the foregoing is true and correct.

17   Executed this 24th day of March 2009, at East Palo Alto, California.

18

19                              /s/ Peter E. Root

                              Peter E. Root

20

21

22

23

24

25

26

27

28                       - 3 -

1

## <u>ORDER</u>

2
PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5
Dated:  March 25, 2009

6
Charles R. Breyer
United States District Judge



7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROPOSED ORDER RE:
DISMISSAL OF REMAINING CLAIM AGAINST BOSSI
CASE NO.:  C-05-02233 CRB

**ATTACHMENT TO STIPULATION AND [PROPOSED] ORDER RE:
DISMISSAL OF REMAINING CLAIM AGAINST DEFENDANT
ROBERT D. BOSSI**

## AGREEMENT

This Agreement is entered into as of this 26th day of January 2009 (the "Effective Date") by and between Brocade Communications Systems, Inc. ("Brocade"), through the Special Litigation Committee of its Board of Directors (the "SLC"), and Robert D. Bossi ("Bossi"). Collectively, Brocade and Bossi are referred to herein as the "Parties."

## RECITALS

WHEREAS, pursuant to a Resolution dated February 22, 2008, Brocade's Board of Directors created the SLC and delegated to it (*i*) plenary authority to decide whether it is in the best interests of Brocade and its shareholders to pursue or otherwise resolve any and all claims arising out of Brocade's historical equity options compensation practices and related matters (the "Options Matters"), including, without limitation, the claims asserted in the actions captioned *In re Brocade Communications Systems, Inc. Derivative Litigation*, No. 05-cv-2233-CRB (the "Consolidated Federal Derivative Action"), and *Barbour v. Reyes*, No. 08-cv-2029-CRB (the "Barbour Action"), both of which are pending in the United States District Court for the Northern District of California (the "Court"), and in *In re Brocade Communications Systems, Inc. Derivative Litigation*, Lead Case No. 1:05-CV-041683 (Komar, J.) (the "State Derivative Action"), which is pending in the California Superior Court for Santa Clara County (the "Superior Court"), and (*ii*) to the fullest extent permitted by law, the exclusive power and authority to take any and all actions the SLC deems necessary or appropriate to the exercise of the delegation made to it; and

WHEREAS, Bossi formerly was Brocade's Controller; and

WHEREAS, consistent with Brocade's usual practices, Bossi received periodic grants of options to buy shares of Brocade stock (the "Stock Options"), and Bossi subsequently exercised the Stock Options; and

WHEREAS, it has been asserted that the exercise prices of some or all of the Stock Options were less than the fair market value of Brocade stock at the time the Stock Options were granted, and, consequently, the actual amount of income realized by Bossi from the Stock Options allegedly exceeded the amount of income that he should have realized; and

WHEREAS, Bossi was not responsible for setting the exercise price of the Stock Options; and

WHEREAS, after a review of the factual record concerning the Options Matters, the SLC, acting on behalf of Brocade, filed a Second Amended Complaint (the "Complaint") in the Consolidated Federal Derivative Action on August 1, 2008, asserting claims on behalf of Brocade against multiple defendants, including Bossi, in connection with the Options Matters; and

WHEREAS, in a December 12, 2008 order (and as further discussed in a January 6, 2009 opinion), the Court dismissed all claims against Bossi with the exception of a claim under California law for aiding and abetting a breach of fiduciary duty; and

WHEREAS Bossi has permitted the SLC's counsel to inspect relevant portions of his federal tax returns for 2005, 2006 and 2007 and has provided the SLC and its counsel with a sworn statement of his current net worth (including his total income for 2005, 2006, and 2007); and

WHEREAS the SLC, on behalf of Brocade, has carefully considered a number of matters relevant to whether Brocade's best interests would be served by continuing to litigate the claims

2

asserted in the Complaint against Bossi, including (*i*) the likelihood of Brocade's success on the merits of the claims asserted and the quantum of any likely recovery against Bossi, (*ii*) the assets Bossi has available to satisfy any judgment entered against him in favor of Brocade, (*iii*) any obligation Brocade might have to indemnify and/or advance attorneys' fees and expenses to Bossi in connection with the Options Matters, including Brocade's litigation of the claims asserted in the Complaint against him, (*iv*) Brocade's own costs to pursue claims against Bossi, and (*v*) the substantial assistance Bossi could provide to Brocade in connection with the litigation or resolution of the claims asserted in the Complaint if Brocade elected not to pursue claims against him; and

WHEREAS the SLC, acting on behalf of Brocade, and Bossi agree that it is in the Parties' best interests to enter into this Agreement to resolve the Released Claims (as defined in subparagraph 6(a) below) in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth in this Agreement, the Parties hereby agree as follows:

1.     <u>Payment by Bossi</u>.  Within ten (10) days following entry of the Complete Bar Order described in paragraph 7 below, Bossi shall surrender, pay and/or disgorge to Brocade (*i*) the total sum of $262,000 via wire transfer for credit to Brocade Communications Systems, Comerica Bank, 333 W. Santa Clara Street, San Jose, CA 95113-4350, ABA#: 121137522, Swift Cd: MNBBUS33, Account #: 1891164632 and (*ii*) the 30,004 shares of Brocade stock currently held by him as a result of his exercise of the Stock Options, which shares were valued at approximately $113,000 as of December 31, 2008 (collectively, the "Payment").  If such Payment is made before 3:00 p.m. Eastern Standard Time, the date of the Payment shall be deemed the Payment Date of this Agreement.  If such Payment is made after 3:00 p.m. Eastern

3

Standard Time, the first business day following the date the Payment is made shall be the Payment Date.

2.      <u>Dismissal of Claims</u>.  Within two (2) business days following the Payment Date, Brocade shall move the Court for an order dismissing with prejudice the remaining claim against Bossi in the Consolidated Federal Derivative Action.

3.      <u>Financial Information</u>.  Bossi agrees that, to the extent necessary, he will provide the Court, the Superior Court and the other defendants named in or later added to the Consolidated Federal Derivative Action, the Barbour Action, and the State Derivative Action  or any other litigation or proceeding arising out of the Options Matters with copies of the sworn statement he provided to the SLC and its counsel concerning his net worth.  Bossi may ask the Court (or any other court) to order that the sworn statement be submitted under seal, but Bossi remains obligated to provide the sworn statement regardless of whether a sealing order is entered.

4.      <u>Cooperation</u>.  Bossi agrees to cooperate fully, and to the best of his ability, to assist the SLC and its counsel by providing truthful and accurate information with respect to the SLC's pursuit, on behalf of Brocade, of the claims asserted in the Complaint, together with any other claims Brocade may have against any other persons or entities arising from the Options Matters.  Bossi may satisfy this cooperation obligation by complying with the following provisions:

(a)      Bossi agrees (*i*) to attend any in-person meetings and to participate in any telephone or video conference calls requested by the SLC or its counsel, upon reasonable notice, at the times and locations that the SLC or its counsel shall designate, (*ii*) to provide full and truthful information to the SLC and its counsel concerning the Options

4

Matters as long as such information is not privileged or subject to a joint-defense agreement or common-interest privilege, and (*iii*) to direct his counsel to provide non-privileged information to the SLC and its counsel; *provided* that Bossi's counsel will be able to participate in all such meetings that Bossi has with the SLC or its counsel.

(b)      Bossi agrees to disclose the existence of, and to produce to the SLC, any and all books, papers, documents, and other items of evidentiary value relating to the Options Matters that are in his actual or constructive possession, unless such evidence is protected by the attorney-client privilege or any joint-defense agreement or common-interest privilege, or is the subject of a protective order issued by a court of competent jurisdiction.

(c)      Bossi agrees to testify fully and truthfully about the Options Matters in any action brought by the SLC on behalf of Brocade, except to the extent that his testimony would involve matters that are protected by the attorney-client privilege or any joint-defense agreement, or common-interest privilege, or that are the subject of a protective order issued by a court of competent jurisdiction.  Bossi further agrees that, if he is called upon to testify in any action brought by the SLC, he will work cooperatively with the SLC and its counsel to prepare to provide full and truthful testimony.  Bossi's counsel will be able to participate in all meetings and preparation sessions conducted by the SLC or its counsel.

(d)      Bossi agrees not to invoke his right under the Fifth Amendment of the United States Constitution or any state-law equivalent with respect to any testimony, documents, or other evidence that the SLC or its counsel may call upon him to provide in accordance with this paragraph 4.

(e)     Bossi agrees that he is not entitled to receive any remuneration from Brocade for any assistance that he may provide to the SLC or its counsel in accordance with this paragraph 4, except that Brocade will pay Bossi's counsel's reasonable attorneys' fees and expenses and Bossi's own reasonable personal expenses (for travel, lodging, meals, etc.) incurred in connection with that assistance.

(f)     If Bossi fails to comply with any provision of this paragraph 4, then (*i*) Brocade may terminate this Agreement in accordance with subparagraph 10(a)(ii), (*ii*) no release by the Brocade Releasors shall apply (as provided for in subparagraph 6(a)(iv) of this Agreement), and (*iii*) the SLC may, in its sole discretion, seek to reinstate the remaining claim asserted in the Complaint against Bossi or any other claims relating to the Options Matters in any other action.

5.     <u>Disclosure of Settlement</u>.  On or after the Effective Date, the SLC or its counsel (or Brocade) shall be permitted to disclose any of the terms of this Agreement, including to other parties and their counsel in any pending actions relating to the Options Matters and/or to the court(s) presiding over those actions.

6.     <u>Release</u>

(a)     On the Payment Date, and except to the extent otherwise specified in this Agreement, Brocade, on behalf of itself and its predecessors, successors, parents, and subsidiaries (collectively, the "Brocade Releasors"), shall release Bossi and his heirs, family members, executors, attorneys, representatives, and assigns (collectively, the "Bossi Releasees") from any and all claims, actions, demands, obligations, or liability, of whatever kind, that the Brocade Releasors have, had, or may have, whether asserted or otherwise and whether known or unknown, arising out of or relating in any way to the

6

Options Matters, including any claims as to any attorneys' fees or expenses advanced to Bossi as of the Effective Date (collectively, the "Released Claims"). Notwithstanding anything in this paragraph 6, no release from the Brocade Releasors shall apply (*i*) to Brocade's entitlement to the Payment, (*ii*) to any claim to enforce the terms of this Agreement, (*iii*) to Brocade's rights under 8 Del. Code § 145, article 6 of Brocade's Bylaws, or the Undertaking that Bossi previously signed with respect to claims for indemnification or advancement of fees or expenses other than those claims arising out of the attorneys' fees and expenses advanced to Bossi as of the Effective Date with respect to Released Claims or Options Matters, or (*iv*) if Bossi fails materially to comply with the terms of this Agreement.

(b)     The Brocade Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, the Brocade Releasors shall be deemed to have, and by execution of this Agreement shall have, fully, finally, and forever settled and released as to the Bossi Releasees any and all Released Claims, known or unknown, suspected or unsuspected, contingent or fixed, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(c)     Upon the Effective Date, and except to the extent otherwise specified in this Agreement, Bossi, on behalf of himself and his heirs, family members, executors,

attorneys, representatives, and assigns (collectively, the "Bossi Releasors"), shall release

Brocade and its predecessors, successors, parents, and subsidiaries (collectively, the

"Brocade Releasees"), as well as Wilson Sonsini Goodrich & Rosati P.C., Larry Sonsini,

and any other individual or entity with whom Brocade has settled or will settle Released

Claims to the extent such individual or entity has released or will release Bossi

(collectively, the "Additional Releasees"), from any and all claims, actions, demands,

obligations, or liability, of whatever kind, that the Bossi Releasors have, had, or may

have against the Brocade Releasees or the Additional Releasees, whether asserted or

otherwise and whether known or unknown, arising out of or relating in any way to the

Released Claims; *provided, however*, that (*i*) if any Brocade Releasee other than Brocade

or any Additional Releasee asserts a Released Claim against any Bossi Releasee, the

release in this subparagraph 6(c) shall be null and void as to the Brocade Releasee or

Additional Releasee who asserts such a claim, and (*ii*) if Brocade asserts a Released

Claim against any Bossi Releasee, the release in this subparagraph 6(c) shall be null and

void.

       (d)     Notwithstanding anything in subparagraph 6(c) of this Agreement, no

release from Bossi shall in any way release, restrict, waive, or prejudice (*i*) a claim by

Bossi for indemnification or for advancement of reasonable fees or expenses from

Brocade, pursuant to 8 Del. Code §§ 145(a) and 145(e) and articles 6.1 and 6.5 of

Brocade's Bylaws, arising from any claim asserted against him by a third party in

connection with Bossi's tenure as an officer or employee of Brocade (but not arising from

any claim, however denominated, that a third party might assert against Bossi for

contribution or indemnity arising from a claim by or on behalf of Brocade against that

third party), (*ii*) a claim by Bossi for reasonable fees or expenses or for advancement of reasonable fees or expenses, from Brocade, pursuant to 8 Del. Code §§ 145(b) and 145(e) and articles 6.2 and 6.5 of Brocade's Bylaws, arising from (A) any claim asserted against him by or on behalf of Brocade in connection with his tenure as a Brocade officer or employee or (B) any claim, however denominated, that a third party might assert against him, in connection with Bossi's tenure as a Brocade officer or employee, for contribution or indemnity arising from a claim by or on behalf of Brocade against that third party, (*iii*) any claim by Bossi or his counsel for any reasonable fees and expenses or for advancement of reasonable fees or expenses (including personal travel expenses), incurred in providing assistance to the SLC or its counsel, at the SLC's or its counsel's request or (*iv*) pursuant to 8 Del. Code § 145 and Brocade's Bylaws, any claim by Bossi or his counsel for reasonable fees or expenses or for advancement of reasonable fees or expenses, incurred in appearing, testifying, or otherwise participating as a nonparty witness in any civil, regulatory or other proceeding in connection with Bossi's tenure as a Brocade officer or employee.

     (e)    Bossi expressly understands and agrees that the terms of subparagraph 6(d) of this Agreement shall exclusively control and govern to the extent that they conflict with any provisions of Brocade's Bylaws, Delaware law (or the law of any other jurisdiction) or any prior agreement between Bossi and Brocade.

     (f)    The Bossi Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, the Bossi Releasors shall be deemed to have, and by execution of this Agreement shall have, fully, finally, and forever

settled and released as to the Brocade Releasees and the Additional Releasees any and all Released Claims, known or unknown, suspected or unsuspected, contingent or fixed, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts; *provided however*, that nothing in this subparagraph 6(f) shall affect any rights of any Bossi Releasee as set out in subparagraph 6(d) above.

(g)     The Parties intend that the foregoing releases shall be effective as a bar to all Released Claims.  In furtherance of this intention, the Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code or any similar law of any jurisdiction that could be claimed to apply.  Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

7.     <u>Complete Bar Order</u>.  The Parties shall jointly request that the Court enter a Complete Bar Order in connection with this Agreement.  The Complete Bar Order shall provide as follows:

(a)     Any and all persons and entities, including, without limitation, the other defendants in the Consolidated Federal Derivative Action, the State Derivative Action, and the Barbour Action (collectively, the "Other Defendants"), are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Bossi Releasee arising under any federal, state, or foreign statutory or common-law

rule, however styled, whether for indemnity or contribution or however denominated, where the claim is or arises out of a Released Claim or out of the Options Matters and the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade, including, without limitation, any claim in which a person or entity seeks to recover from any of the Bossi Releasees (*i*) any amounts such person or entity has or might become liable to pay to Brocade and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by Brocade.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph 7(a) are intended to preclude any liability of any of the Bossi Releasees to any person or entity (including any Other Defendant) for indemnity or contribution or however denominated on any claim that is or arises out of a Released Claim or out of the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade; *provided, however,* that if Brocade obtains any judgment against any such person or entity based upon, arising out of, or relating to a Released Claim or the Options Matters for which such person or entity and any of the Bossi Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to the amount of the Payment, pursuant to the terms of California law; *provided further* that, if a court should determine that the amount of the judgment-reduction credit should be prescribed in whole or in part by federal law or by Delaware law, the amount of the judgment-reduction credit shall be equal to (*i*) the amount specified in 15 U.S.C. § 78u-4(f)(7)(B), to the extent federal law applies, or (*ii*) the Bossi Releasees' pro rata share of the judgment against such person or entity, to

11

the extent Delaware law applies.  The parties intend that the entire amount of the
Payment is in satisfaction of Brocade's remaining claim against Bossi under California
law.  The provisions of this subparagraph shall not apply to any claim by a Bossi
Releasee against another Bossi Releasee; any such claims shall be covered by the
following subparagraph (b).

(b)     Each and every Bossi Releasee is permanently barred, enjoined, and
restrained from commencing, prosecuting, or asserting any claim against any other
person or entity (including, without limitation, any Other Defendant) arising under any
federal, state, or foreign statutory or common-law rule, however styled, whether for
indemnity or contribution or however denominated, where the claim is or arises from a
Released Claim and the alleged injury to such Bossi Releasee arises from that Releasee's
or any other person's or entity's alleged liability to Brocade, including, without
limitation, any claim in which any Bossi Releasee seeks to recover from any person or
entity, including another Bossi Releasee or any Other Defendant, (*i*) any amounts any
such Bossi Releasee has or might become liable to pay to Brocade and/or (*ii*) any costs,
expenses, or attorneys' fees from defending any claim by Brocade.  All such claims are
hereby extinguished, discharged, satisfied, and unenforceable; *provided however*, that
nothing in this paragraph 7(b) is intended to apply to Bossi's claim for the advancement
of fees incurred before the Effective Date, and Brocade agrees to pay those fees, subject
to its rights under 8 Del. Code § 145, article 6 of Brocade's Bylaws, and the Undertaking
that Bossi previously signed.

(c)     Notwithstanding anything stated in the Complete Bar Order, if any person
or entity (for purposes of this subparagraph 7(c), a "Petitioner") commences against any

of the Bossi Releasees any claim or action either (*i*) asserting a claim that is or arises from a Released Claim or the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this paragraph 7 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor this Agreement shall bar claims by that Bossi Releasee against (*a*) such Petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the Petitioner, whose assets or estate are or were controlled, represented, or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph 7(c) in connection with the assertion of the claim brought against the Bossi Releasee(s); *provided however,* that this Agreement and the Complete Bar Order shall not bar or enjoin Brocade from bringing any and all claims against any non-Bossi Releasee; *provided further,* that nothing in the Complete Bar Order or this Agreement shall prevent the Parties from taking such steps as are necessary to enforce the terms of this Agreement.

(d)     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Bossi Releasees the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

13

8.      <u>Tolling of Claims</u>.  The parties agree that, as of the Effective Date, any statute of limitations, statute of repose, or other time-related defense based on federal, state, or other law (including the common law) or contract under the laws of any jurisdiction, whether at law, at equity, or otherwise (including, but not limited to, the doctrines of waiver, laches, acquiescence, or estoppel), that is or may be applicable to any of the potential claims Brocade may have against Bossi regarding the Options Matters is tolled and shall not begin to run unless and until (*i*) this Agreement terminates or ceases to become effective for any reason, in which case the time period shall begin to run 30 days after such event, or (*ii*) Brocade reinstates the claims asserted against Bossi in the Complaint or asserts any other claims relating to the Options Matters in any other action.

9.      <u>Other Settlements</u>.  In settling any claim relating to Options Matters with any other person or entity, Brocade will use its best efforts to obtain from such person or entity a release of any and all claims that such person or entity might have against Bossi based upon, arising out of, or relating to Options Matters.

10.      <u>Termination</u>.

(a)      Brocade shall have the right, but not the obligation, to terminate this Agreement if (*i*) Bossi fails to make the Payment provided in this Agreement, (*ii*) Bossi fails to comply with the provisions of paragraphs 3 and/or 4 of this Agreement, (*iii*) the Court declines to enter the Complete Bar Order prescribed in paragraph 7 of this Agreement, or the Complete Bar Order does not become final after entry by the Court, or (*iv*) any federal, state, or local court makes a final determination that any of the release provisions in paragraph 6 are not fully effective.

14

(b)     Bossi shall have the right, but not the obligation, to terminate this Agreement if (*i*) the Court declines to enter the Complete Bar Order prescribed in paragraph 7 of this Agreement, or the Complete Bar Order does not become final after entry by the Court, (*ii*) any federal, state, or local court makes a final determination that any of the release provisions in paragraph 6 are not fully effective or (*iii*) Brocade fails to seek (as required by paragraph 2 above), or the Court declines to enter, dismissal of the remaining claim against Bossi.

(c)     If this Agreement is terminated for any reason, the Parties shall be deemed to have reverted to their respective status as of the Effective Date.  In such a situation, and except as otherwise expressly provided, (*i*) this paragraph 10 shall remain in effect; (*ii*) the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and (*iii*) any portion of the Payment previously paid by Bossi (together with any accrued interest) shall be returned to Bossi.

(d)     If this Agreement is terminated for any reason, the Parties agree that they will not argue or assert in any proceeding in which claim(s) arising out of or related in any way to the Options Matters are brought against Bossi that any Party to the Agreement has lost or waived any rights, opportunities, or advantages due to the expiration of any discovery, filing or other case deadlines that have occurred between the Effective Date and thirty (30) days after any termination of this Agreement.

11.     <u>No Admission of Liability</u>.  The Parties understand and acknowledge that this Agreement, and any and all consideration given, constitutes a resolution of actual and potential claims and that entering into and executing this Agreement shall not be deemed or construed to

be an admission of the truth or falsity of any claims that were or could have been made, or an acknowledgment or admission of liability, by either Party.

      12.    <u>Breach of Agreement</u>. The Parties specifically understand and agree that this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement.

      13.    <u>Persons and Entities to be Notified Regarding Agreement</u>. The Parties agree that the following persons and entities will be given notice of the Parties' joint request for approval of the Agreement and entry of the Complete Bar Order:  Greg Reyes, Antonio Canova, Neil Dempsey, Seth Neiman, Paul Bonderson, Michael Byrd, Jack Cuthbert, Stephanie Jensen, Mark Leslie, KPMG LLP, Arthur Andersen LLP, Wilson Sonsini Goodrich & Rosati P.C., Morrison & Foerster LLP, PricewaterhouseCoopers LLP, Nicholas Moore, Christopher Paisley, Larry Sonsini, David House, William Krause, William O'Brien, Sanjay Vaswani, Robert Walker, Glenn Jones, Michael Rose, and any other persons or entities that Bossi and his counsel in their discretion find appropriate to notify; *provided* that Bossi and his counsel shall identify any additional persons and entities whom they believe shall be notified within three (3) business days following the Effective Date.

      14.    <u>Authority to Execute Agreement</u>.

      (a)    The SLC members (Renato DiPentima and John Gerdelman) warrant and represent through counsel that each of them has authority to act on behalf of Brocade and the other Brocade Releasors.

      (b)    Ralph C. Ferrara, Ann M. Ashton, and Jonathan E. Richman represent that they have the authority to enter into this Agreement on behalf of Brocade and the other

Brocade Releasors, through the SLC, as well as any other attorneys who have represented or who now represent Brocade in connection with the Options Matters.

(c)      Michael D. Torpey, Walter F. Brown, Jr. and Amy M. Ross represent that they have the authority to enter into this Agreement on behalf of Bossi and the other Bossi Releasees, as well as any other attorneys who have represented or who now represent Bossi in connection with the Options Matters.

15.      Representations of Counsel; Opportunity to Review.  Each of the Parties represents that he or it (a) has read this Agreement (including, without limitation, the Recitals listed above), (b) has had sufficient opportunity to consult his or its own legal counsel concerning the negotiation and preparation, as well as the scope and effect, of this Agreement, (c) understands the content and legal effect of this Agreement, and (d) has signed this Agreement based upon his or its own free will.  The Parties have reviewed this Agreement and have had the opportunity to negotiate its terms and suggest changes to its language.  Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation and enforcement of this Agreement.

16.      Counterparts.  This Agreement may be executed in counterparts, and, upon execution by the Parties, each copy so executed shall be deemed an original for all purposes.  All such executed counterparts shall be deemed one agreement.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding on Bossi, Brocade and the SLC.

17.      Entire Agreement.  This Agreement represents the entire agreement and understanding between Brocade, acting through the SLC, and Bossi concerning the matters set

forth herein.  No party has relied upon any representations or statements made by any other party, person, or entity that are not specifically set forth in this Agreement.

18.     Governing Law.  This Agreement shall be governed by the laws of the State of Delaware, without regard for any choice-of-law provisions under Delaware law, except to the extent this Agreement expressly provides otherwise.

19.     Retention of Jurisdiction.  The Parties will ask the Court to retain continuing and exclusive jurisdiction to enforce the Complete Bar Order and to adjudicate any claims relating to its interpretation or to this Agreement.

20.     No Oral Modification.  Each of the Parties understands and agrees that this Agreement shall not be changed or amended in any respect, except by a writing executed by each of the Parties hereto or their authorized representatives.

21.     No Further Settlement.  Nothing in this Agreement shall be construed to settle, release, waive, or otherwise affect Brocade's claims or right to proceed and recover against any defendant in the Consolidated Federal Derivative Action, the Barbour Action, or the State Derivative Action other than Bossi, or any person or entity other than the Bossi Releasees.

22.     Assignment.  The Parties hereby represent and warrant that they have not assigned, conveyed, or granted any right, option, or interest in, or otherwise transferred in any manner whatsoever to any person or entity, any right, claim, or cause of action that is the subject of this Agreement.

IN WITNESS WHEREOF, the Parties, intending to be legally bound, have signed below through their duly authorized representatives.

Michael D. Torpey
Walter F. Brown, Jr.
Amy M. Ross
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, California  94105

ON BEHALF OF BOSSI

Ralph C. Ferrara
Ann M. Ashton
Jonathan E. Richman
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York  10019

ON BEHALF OF BROCADE