DEWEY & LEBOEUF LLP
Barbara A. Caulfield (bcaulfield@dl.com) SBN 108999
Peter E. Root (proot@dl.com) SBN 142348
1950 University Avenue, Suite 500
East Palo Alto, California  94303
Telephone:  (650) 845-7000
Facsimile:  (650) 845-7333

DEWEY & LEBOEUF LLP
1101 New York Avenue, N.W., Suite 1100
Washington, DC 20005
Telephone:  (202) 346-8000
Facsimile:  (202) 346-8102

DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 259-8000
Facsimile:  (212) 259-6333

*Attorneys for Plaintiff*
*Brocade Communications Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BROCADE COMMUNICATIONS SYSTEMS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>    ALL ACTIONS | Case No.  C 05-02233 CRB<br><br>STIPULATION AND [PROPOSED] ORDER RE: DISMISSAL OF REMAINING CLAIMS AGAINST DEFENDANT ANTONIO CANOVA PURSUANT TO SETTLEMENT |

1    This Stipulation is made by and between plaintiff Brocade Communications Systems, Inc.

2    ("Brocade"), through the Special Litigation Committee of its Board of Directors (the "SLC"), and

3    defendant Antonio Canova ("Canova").

4                                                    **RECITALS**

5    WHEREAS, beginning in June 2005, certain shareholder derivative actions were commenced

6    in the United States District Court for the Northern District of California asserting a variety of claims

7    arising from Brocade's historical equity options compensation practices and related matters, which

8    actions were assigned to this Court and consolidated as *In re Brocade Communications Systems, Inc.*

9    *Derivative Litigation*, No. 05-cv-2233-CRB (the "Consolidated Federal Derivative Action");

10    WHEREAS, the SLC, acting on behalf of Brocade, filed a Second Amended Complaint in

11    the Consolidated Federal Derivative Action on August 1, 2008, asserting claims on behalf of

12    Brocade against ten defendants, including Canova;

13    WHEREAS, on October 6, 2008, Canova and the other nine defendants each filed a motion

14    to dismiss the Second Amended Complaint;

15    WHEREAS, on December 12, 2008, this Court issued an Order, supplemented by an opinion

16    issued January 6, 2009, in which the Court dismissed all claims against Canova with the exception of

17    the Fifth, Sixth, Seventh, Eighth, and Eleventh Causes of Action alleging various breaches of

18    fiduciary duty and unjust enrichment;

19    WHEREAS, Brocade and Canova entered into a settlement agreement on January 30, 2009

20    (the "Settlement Agreement");

21    WHEREAS, on February 3, 2009, Brocade submitted a copy of the Settlement Agreement to

22    this Court, and filed a motion for approval of the settlement and entry of a Complete Bar Order

23    barring contribution claims;

24    WHEREAS, on March 13, 2009, this Court entered an Order Approving Settlement And

25    Entry Of Complete Bar Order;

26    WHEREAS, Canova has made full payment of the settlement consideration that he agreed to

27    pay in the Settlement Agreement;

28

- 1 -

STIPULATION AND PROPOSED ORDER RE:
DISMISSAL OF REMAINING CLAIMS AGAINST CANOVA
CASE NO.:  C-05-02233 CRB

1    WHEREAS, the Settlement Agreement provides that Brocade shall move the Court for an

2    order dismissing with prejudice the remaining claims against Canova in the Consolidated Federal

3    Derivative Action;

4    WHEREAS, the Settlement Agreement provides that Canova has continuing cooperation

5    obligations as set forth in paragraphs 3 and 4 of the Settlement Agreement, and that Brocade and

6    Canova each may terminate the Settlement Agreement under certain circumstances, as provided in

7    subparagraphs (a) and (b) of paragraph 10 of the Settlement Agreement;

8    WHEREAS, the Settlement Agreement further provides that Brocade and Canova will

9    request the Court to retain continuing and exclusive jurisdiction to enforce the Complete Bar Order

10   and to adjudicate any claims relating to the interpretation of the Complete Bar Order and the

11   Settlement Agreement;

12   WHEREAS, Brocade and Canova request the Court to retain jurisdiction to enforce the terms

13   of their Settlement Agreement and the Complete Bar Order under the authority of *Kokkonen v.*

14   *Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994).

15   NOW, THEREFORE, Brocade and Canova, through their respective undersigned counsel,

16   hereby stipulate, subject to the Court's approval, as follows:

17       1.    All remaining claims against Canova in the Consolidated Federal Derivative Action,

18   *i.e.*, the Fifth, Sixth, Seventh, Eighth, and Eleventh Causes of Action of the Second Amended

19   Complaint, shall be and hereby are dismissed with prejudice.

20       2.    Brocade and Canova shall comply with the terms of their Settlement Agreement, a

21   copy of which is attached and incorporated by reference as if fully set forth.

22       3.    By consent of Brocade and Canova, the Court shall retain jurisdiction for purposes of

23   enforcing the terms of the Settlement Agreement and the Complete Bar Order.

24

25

26

27

28

STIPULATION AND PROPOSED ORDER RE:
DISMISSAL OF REMAINING CLAIMS AGAINST CANOVA
CASE NO.:  C-05-02233 CRB

1    Dated:  April 9, 2009                    DEWEY & LEBOEUF LLP

2

3                                             By: /s/  Peter E. Root
                                                     Peter E. Root

4                                             Attorneys For Plaintiff
                                              Brocade Communications Systems, Inc.
5

6    Dated:  April 9, 2009                    HOGAN & HARTSON LLP

7

8                                             By:  /s/ Norman J. Blears
                                                     Norman J. Blears

9                                             Attorneys For Defendant Antonio Canova

10

11                  **ATTESTATION PURSUANT TO GENERAL ORDER 45**

12              I, Peter E. Root, am the ECF User whose ID and password are being used to file this

13   Stipulation and [Proposed] Order Re: Dismissal of Remaining Claims Against Defendant Antonio

14   Canova Pursuant to Settlement.  In compliance with General Order 45.X.B, I hereby attest that

15   concurrence in the filing of this document has been obtained from each of the other signatories.  I

16   declare under penalty of perjury under the laws of the United States of America that the foregoing is

17   true and correct.  Executed this 9th day of April 2009, at East Palo Alto, California.

18

19                                             /s/ Peter E. Root
                                               Peter E. Root
20

21

22

23

24

25

26

27

28

- 3 -

1

## <u>ORDER</u>

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5

Dated: _____

6



Charles R. Breyer
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROPOSED ORDER RE:
DISMISSAL OF REMAINING CLAIMS AGAINST CANOVA
CASE NO.:  C-05-02233 CRB

**ATTACHMENT TO STIPULATION AND [PROPOSED] ORDER RE:
DISMISSAL OF REMAINING CLAIMS AGAINST DEFENDANT
ANTONIO CANOVA PURSUANT TO SETTLEMENT**

## AGREEMENT

This Agreement is entered into as of this 30th day of January 2009 by and between

Brocade Communications Systems, Inc. ("Brocade"), through the Special Litigation Committee

of its Board of Directors (the "SLC"), and Antonio Canova ("Canova"). Collectively, Brocade

and Canova are referred to herein as the "Parties."

## RECITALS

WHEREAS, pursuant to a Resolution dated February 22, 2008, Brocade's Board of

Directors created the SLC and delegated to it (*i*) plenary authority to decide whether it is in the

best interests of Brocade and its shareholders to pursue or otherwise resolve any and all claims

arising out of Brocade's historical equity options compensation practices and related matters (the

"Options Matters"), including, without limitation, the claims asserted in the actions captioned *In

re Brocade Communications Systems, Inc. Derivative Litigation*, No. 05-cv-2233-CRB (the

"Consolidated Federal Derivative Action"), and *Barbour v. Reyes*, No. 08-cv-2029-CRB (the

"Barbour Action"), both of which are pending in the United States District Court for the

Northern District of California (the "Court"), and in *In re Brocade Communications Systems,

Inc. Derivative Litigation*, Lead Case No. 1:05-CV-041683 (Komar, J.) (the "State Derivative

Action"), which is pending in the California Superior Court for Santa Clara County (the

"Superior Court"), and (*ii*) to the fullest extent permitted by law, the exclusive power and

authority to take any and all actions the SLC deems necessary or appropriate to the exercise of

the delegation made to it; and

WHEREAS Canova formerly was a Vice President and the Chief Financial Officer of Brocade; and

WHEREAS Canova was named as a defendant in the Consolidated Federal Derivative Action, the State Derivative Action, and the Barbour Action; and

WHEREAS the Securities and Exchange Commission (the "SEC") filed a civil enforcement action against Canova in the Court on July 21, 2006 under the caption *SEC v. Reyes, et al.*, No. 06-4435-CRB (the "SEC Action"); and

WHEREAS Canova has reached an agreement with the SEC staff to resolve the civil enforcement action for, among other things, a disgorgement payment of $249,351 (the "SEC Payment") and a penalty of $120,000, subject to the SEC's approval (which is still pending); and

WHEREAS, consistent with Brocade's usual practices, Canova received periodic grants of options to buy shares of Brocade stock (the "Stock Options"), and Canova subsequently exercised some of the Stock Options; and

WHEREAS it has been asserted that the exercise prices of some or all of the Stock Options were less than the fair market value of Brocade stock at the time the Stock Options were granted, and, consequently, the actual amount of income realized by Canova from the Stock Options allegedly exceeded the amount of income that he should have realized; and

WHEREAS Canova was not responsible for setting the exercise price of the Stock Options; and

WHEREAS, after a review of the factual record concerning the Options Matters, the SLC, acting on behalf of Brocade, filed a Second Amended Complaint (the "Complaint") in the Consolidated Federal Derivative Action on August 1, 2008, asserting claims on behalf of

2

Brocade against multiple defendants, including Canova, in connection with the Options Matters; and

WHEREAS, in a December 12, 2008 order (and as further discussed in a January 6, 2009 opinion), the Court dismissed certain claims against Canova in the Consolidated Federal Derivative Action, but denied Canova's motion to dismiss certain other claims under Delaware law alleging various breaches of fiduciary duty and unjust enrichment; and

WHEREAS Canova has permitted the SLC's counsel to inspect relevant portions of his federal tax returns for 2006 and 2007 and has provided the SLC and its counsel with (*i*) a sworn statement of his current net worth (including his total income for 2006 and 2007) and (*ii*) a copy of his 2005 Form W-2 from Brocade; and

WHEREAS the SLC, on behalf of Brocade, has carefully considered a number of matters relevant to whether Brocade's best interests would be served by continuing to litigate the claims asserted in the Complaint against Canova, including (*i*) the likelihood of Brocade's success on the merits of the claims asserted and the quantum of any likely recovery against Canova, (*ii*) the assets Canova has available to satisfy any judgment entered against him in favor of Brocade, (*iii*) any obligation Brocade might have to indemnify and/or advance attorneys' fees and expenses to Canova in connection with the Options Matters, including Brocade's litigation of the claims asserted in the Complaint against him, (*iv*) Brocade's own costs to pursue claims against Canova, and (*v*) the substantial assistance Canova could provide to Brocade in connection with the litigation or resolution of the claims asserted in the Complaint if Brocade elected not to pursue claims against him; and

3

WHEREAS the SLC, acting on behalf of Brocade, and Canova agree that it is in the Parties' best interests to enter into this Agreement to resolve the Released Claims (as defined in subparagraph 6(a) below) in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth in this Agreement, the Parties hereby agree as follows:

1.    Payment by Canova.

(a)    Initial Payment.  Within five business days after the date of this Agreement, Canova shall surrender, pay, and/or disgorge to Brocade the total sum of $138,149 (the "Initial Payment") via wire transfer for credit to Brocade Communications Systems, Comerica Bank, 333 W. Santa Clara Street, San Jose, CA 95113-4350, ABA#: 121137522, Swift Cd: MNBBUS33, Account #: 1891164632.  If the Initial Payment is made before 3:00 p.m. Eastern Standard Time, the date of the Initial Payment shall be deemed the Effective Date of this Agreement.  If the Initial Payment is made after 3:00 p.m. Eastern Standard Time, the first business day following the date the Initial Payment is made shall be the Effective Date.  If the Initial Payment is not made as specified in this paragraph, Brocade shall have the right to terminate this Agreement as further provided below in subparagraph 10(a).

(b)    SEC Payment.  In recognition of the harm that Brocade has suffered as a result of the Options Matters, Canova agrees to use his best efforts (*i*) to cause the SEC Payment to be paid to Brocade and (*ii*) to cooperate with the SLC and its counsel in any attempts they make to cause those monies to be paid to Brocade.  Brocade will be entitled to keep those monies regardless of the outcome of any further proceedings (including appeals) involving the SEC.

4

2.      <u>Dismissal of Claims</u>.  Brocade shall move the Court for an order dismissing with prejudice the remaining claims against Canova in the Consolidated Federal Derivative Action and the Barbour Action.  Brocade also shall move the Superior Court at an appropriate time for an order dismissing with prejudice the claims against Canova in the State Derivative Action.

3.      <u>Financial Information</u>.  Canova agrees that, to the extent necessary, he will provide the Court, the Superior Court, and the other defendants named in or later added to the Consolidated Federal Derivative Action, the Barbour Action, the State Derivative Action, and any other litigation or proceeding arising out of the Options Matters with copies of the sworn statement he provided to the SLC and its counsel concerning his net worth.  Canova may ask the Court (or any other court) to order that the sworn statement be submitted under seal, but Canova remains obligated to provide the sworn statement regardless of whether a sealing order is entered.

4.      <u>Cooperation</u>.  Canova agrees to cooperate fully, and to the best of his ability, to assist the SLC and its counsel by providing truthful and accurate information with respect to the SLC's pursuit, on behalf of Brocade, of the claims asserted in the Complaint, together with any other claims Brocade may have against any other persons or entities arising from the Options Matters.  Canova may satisfy this cooperation obligation by complying with the following provisions:

(a)      Canova agrees (*i*) to attend any in-person meetings and to participate in any telephone or video conference calls requested by the SLC or its counsel, upon reasonable notice, at the times and locations that the SLC or its counsel shall designate, (*ii*) to provide full and truthful information to the SLC and its counsel concerning the Options Matters as long as such information is not privileged or subject to a joint-defense

5

agreement or common-interest privilege, and (*iii*) to direct his counsel to provide non-privileged information to the SLC and its counsel; *provided* that Canova's counsel will be able to participate in all such meetings that Canova has with the SLC or its counsel.

(b)     Canova agrees to disclose the existence of, and to produce to the SLC, any and all books, papers, documents, and other items of evidentiary value relating to the Options Matters that are in his actual or constructive possession, unless such evidence is protected by the attorney-client privilege or any joint-defense agreement or common-interest privilege, or is the subject of a protective order issued by a court of competent jurisdiction.

(c)     Canova agrees to testify fully and truthfully about the Options Matters in any action brought by the SLC on behalf of Brocade, except to the extent that his testimony would involve matters that are protected by the attorney-client privilege or any joint-defense agreement or common-interest privilege, or that are the subject of a protective order issued by a court of competent jurisdiction.  Canova further agrees that, if he is called upon to testify in any action brought by the SLC, he will work cooperatively with the SLC and its counsel to prepare to provide full and truthful testimony.  Canova's counsel will be able to participate in all meetings and preparation sessions conducted by the SLC or its counsel.

(d)     Canova agrees not to invoke his right under the Fifth Amendment of the United States Constitution or any state-law equivalent with respect to any testimony, documents, or other evidence that the SLC or its counsel may call upon him to provide in accordance with this paragraph 4.

(e)     Canova agrees that he is not entitled to receive any remuneration from Brocade for any assistance that he may provide to the SLC or its counsel in accordance with this paragraph 4, except that Brocade will pay Canova's counsel's reasonable attorneys' fees and expenses and Canova's own reasonable personal expenses (for travel, lodging, meals, etc.) incurred in connection with that assistance.

(f)     If Canova fails to comply with any provision of this paragraph 4, then (*i*) Brocade may terminate this Agreement in accordance with subparagraph 10(a)(ii), (*ii*) no release by the Brocade Releasors shall apply (as provided for in subparagraph 6(a)(iv) of this Agreement), and (*iii*) the SLC may, in its sole discretion, seek to reinstate the remaining claims asserted in the Complaint against Canova or any other claims relating to the Options Matters in any other action.

5.      <u>Disclosure of Settlement</u>.  On or after the Effective Date, the SLC or its counsel (or Brocade) shall be permitted to disclose any of the terms of this Agreement, including to other parties and their counsel in any pending actions relating to the Options Matters and/or to the court(s) presiding over those actions; *provided, however,* that, to the extent the SLC or its counsel believe they are required to disclose the existence or terms of this Agreement before the Effective Date, they may do so.

6.      <u>Release</u>

(a)     On the Effective Date, and except to the extent otherwise specified in this Agreement, Brocade, on behalf of itself and its predecessors, successors, parents, and subsidiaries (collectively, the "Brocade Releasors"), shall release Canova and his heirs, family members, executors, attorneys, representatives, and assigns (collectively, the "Canova Releasees") from any and all claims, actions, demands, obligations, or liability,

of whatever kind, that the Brocade Releasors have, had, or may have, whether asserted or otherwise and whether known or unknown, arising out of or relating in any way to the Options Matters, including any claims as to any attorneys' fees or expenses advanced to Canova as of the Effective Date (collectively, the "Released Claims"). Notwithstanding anything in this paragraph 6, no release from the Brocade Releasors shall apply (*i*) to Brocade's entitlement to the Initial Payment and the SEC Payment (if the SEC agrees), (*ii*) to any claim to enforce the terms of this Agreement, (*iii*) to Brocade's rights under 8 Del. Code § 145, article 6 of Brocade's Bylaws, or the Undertaking that Canova previously signed with respect to claims for indemnification or advancement of fees or expenses other than those claims arising out of the attorneys' fees and expenses advanced to Canova as of the Effective Date in connection with Released Claims or Options Matters, or (*iv*) if Canova fails materially to comply with the terms of this Agreement.

(b)    The Brocade Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, the Brocade Releasors shall be deemed to have, and by execution of this Agreement shall have, fully, finally, and forever settled and released as to the Canova Releasees any and all Released Claims, known or unknown, suspected or unsuspected, contingent or fixed, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(c)     Upon the Effective Date, and except to the extent otherwise specified in this Agreement, Canova, on behalf of himself and his heirs, family members, executors, attorneys, representatives, and assigns (collectively, the "Canova Releasors"), shall release Brocade and its predecessors, successors, parents, and subsidiaries (collectively, the "Brocade Releasees"), as well as Wilson Sonsini Goodrich & Rosati P.C., Larry Sonsini, Robert D. Bossi, and any other individual or entity with whom Brocade has settled or will settle Released Claims to the extent such individual or entity has released or will release Canova (collectively, the "Additional Releasees"), from any and all claims, actions, demands, obligations, or liability, of whatever kind, that the Canova Releasors have, had, or may have against the Brocade Releasees or the Additional Releasees, whether asserted or otherwise and whether known or unknown, arising out of or relating in any way to the Released Claims; *provided, however,* that (*i*) if any Brocade Releasee other than Brocade or any Additional Releasee asserts a Released Claim against any Canova Releasee, the release in this subparagraph 6(c) shall be null and void as to the Brocade Releasee or Additional Releasee who asserts such a claim, and (*ii*) if Brocade asserts a Released Claim against any Canova Releasee, the release in this subparagraph 6(c) shall be null and void.

(d)     Notwithstanding anything in subparagraph 6(c) of this Agreement, no release from Canova shall in any way release, restrict, waive, or prejudice (*i*) a claim by Canova for indemnification or for advancement of reasonable fees or expenses from Brocade, pursuant to 8 Del. Code §§ 145(a) and 145(e) and articles 6.1 and 6.5 of Brocade's Bylaws, arising from any claim asserted against him by a third party in connection with Canova's tenure as an officer or employee of Brocade (but not arising

9

from any claim, however denominated, that a third party might assert against Canova for contribution or indemnity arising from a claim by or on behalf of Brocade against that third party), (*ii*) a claim by Canova for reasonable fees or expenses, or for advancement of such reasonable fees or expenses, from Brocade, pursuant to 8 Del. Code §§ 145(b) and 145(e) and articles 6.2 and 6.5 of Brocade's Bylaws, arising from (A) any claim asserted against him by or on behalf of Brocade in connection with his tenure as a Brocade officer or employee or (B) any claim, however denominated, that a third party might assert against him, in connection with Canova's tenure as a Brocade officer or employee, for contribution or indemnity arising from a claim by or on behalf of Brocade against that third party), (*iii*) any claim by Canova or his counsel for any reasonable fees and expenses or for advancement of reasonable fees or expenses (including personal travel expenses) incurred in providing assistance to the SLC or its counsel, at the SLC's or its counsel's request, or (*iv*) pursuant to 8 Del. Code § 145 and Brocade's Bylaws, any claim by Canova or his counsel for reasonable fees or expenses or for advancement of reasonable fees or expenses incurred in appearing, testifying, or otherwise participating as a nonparty witness in any civil, regulatory, or other proceeding in connection with Canova's tenure as a Brocade officer or employee.

(e)     Canova expressly understands and agrees that the terms of subparagraph 6(d) of this Agreement shall exclusively control and govern to the extent that they conflict with any provisions of Brocade's Bylaws, Delaware law (or the law of any other jurisdiction), or any prior agreement between Canova and Brocade.

(f)     The Canova Releasors may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject

matter of the Released Claims, but, upon the Effective Date, the Canova Releasors shall be deemed to have, and by execution of this Agreement shall have, fully, finally, and forever settled and released as to the Brocade Releasees and the Additional Releasees any and all Released Claims, known or unknown, suspected or unsuspected, contingent or fixed, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts; *provided, however,* that nothing in this subparagraph 6(f) shall affect any rights of any Canova Releasee as set out in subparagraph 6(d) above.

(g)     The Parties intend that the foregoing releases shall be effective as a bar to all Released Claims.  In furtherance of this intention, the Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code or any similar law of any jurisdiction that could be claimed to apply.  Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

7.     <u>Complete Bar Order</u>.  The Parties shall jointly request that the Court enter a Complete Bar Order in connection with this Agreement.  The Complete Bar Order shall provide as follows:

(a)     Any and all persons and entities, including, without limitation, the other defendants in the Consolidated Federal Derivative Action, the State Derivative Action,

11

and the Barbour Action (collectively, the "Other Defendants"), are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Canova Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnity or contribution or however denominated, where the claim is or arises out of a Released Claim or out of the Options Matters and the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade, including, without limitation, any claim in which a person or entity seeks to recover from any of the Canova Releasees (*i*) any amounts such person or entity has or might become liable to pay to Brocade and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by Brocade.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph 7(a) are intended to preclude any liability of any of the Canova Releasees to any person or entity (including any Other Defendant) for indemnity or contribution, however denominated, on any claim that is or arises out of a Released Claim or out of the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade; *provided, however,* that if Brocade obtains any judgment against any such person or entity based upon, arising out of, or relating to a Released Claim or the Options Matters for which such person or entity and any of the Canova Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to the Canova Releasees' pro rata share of the judgment against such person or entity, pursuant to the terms of Delaware law; *provided further* that, if a court should determine that the amount of the

12

judgment-reduction credit should be prescribed in whole or in part by federal law or by California law, the amount of the judgment-reduction credit shall be equal to (*i*) the amount specified in 15 U.S.C. § 78u-4(f)(7)(B), to the extent federal law applies, or (*ii*) the amount of the Initial Payment and the SEC Payment (to the extent Brocade receives it), to the extent California law applies.  The parties intend that the entire amount of the Initial Payment (and the SEC Payment, to the extent Brocade receives it) is in satisfaction of Brocade's remaining claims against Canova under Delaware law.  The provisions of this subparagraph shall not apply to any claim by a Canova Releasee against another Canova Releasee; any such claims shall be covered by the following subparagraph 7(b).

(b)    Each and every Canova Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including, without limitation, any Other Defendant) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnity or contribution or however denominated, where the claim is or arises from a Released Claim and the alleged injury to such Canova Releasee arises from that Releasee's or any other person's or entity's alleged liability to Brocade, including, without limitation, any claim in which any Canova Releasee seeks to recover from any person or entity, including another Canova Releasee or any Other Defendant, (*i*) any amounts any such Canova Releasee has or might become liable to pay to Brocade and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by Brocade.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable; *provided, however,* that nothing in this paragraph 7(b) is intended to apply to Canova's claim for

13

the advancement of fees incurred before the Effective Date, and Brocade agrees to pay those fees, subject to its rights under 8 Del. Code § 145, article 6 of Brocade's Bylaws, and the Undertaking that Canova previously signed.

(c)      Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph 7(c), a "Petitioner") commences against any of the Canova Releasees any claim or action either (*i*) asserting a claim that is or arises from a Released Claim or the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this paragraph 7 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor this Agreement shall bar claims by that Canova Releasee against (*a*) such Petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the Petitioner, whose assets or estate are or were controlled, represented, or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph 7(c) in connection with the assertion of the claim brought against the Canova Releasee(s); *provided, however,* that this Agreement and the Complete Bar Order shall not bar or enjoin Brocade from bringing any and all claims against any non-Canova Releasee; *provided, further,* that nothing in the Complete Bar Order or this Agreement shall prevent the Parties from taking such steps as are necessary to enforce the terms of this Agreement.

(d)      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Canova Releasees the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

8.      <u>Tolling of Claims</u>.  The parties agree that, as of the Effective Date, any statute of limitations, statute of repose, or other time-related defense based on federal, state, or other law (including the common law) or contract under the laws of any jurisdiction, whether at law, at equity, or otherwise (including, but not limited to, the doctrines of waiver, laches, acquiescence, or estoppel), that is or may be applicable to any of the potential claims Brocade may have against Canova regarding the Options Matters is tolled and shall not begin to run unless and until (*i*) this Agreement terminates or ceases to become effective for any reason, in which case the time period shall begin to run 30 days after such event, or (*ii*) Brocade reinstates the claims asserted against Canova in the Complaint or asserts any other claims relating to the Options Matters in any other action.

9.      <u>Other Settlements</u>.  In settling any claim relating to Options Matters with any other person or entity, Brocade will use its best efforts to obtain from such person or entity a release of any and all claims that such person or entity might have against Canova based upon, arising out of, or relating to Options Matters.

10.      <u>Termination</u>.

(a)      Brocade shall have the right, but not the obligation, to terminate this Agreement if (*i*) Canova fails to make the Initial Payment provided in this Agreement, (*ii*) Canova fails to comply with the provisions of paragraphs 1(b), 3, and/or 4 of this

15

Agreement, (*iii*) the Court declines to enter an order dismissing with prejudice the remaining claims against Canova in the Consolidated Federal Derivative Action and the Barbour Action, or the order dismissing the claims against Canova does not become final after entry by the Court, (*iv*) the Court declines to enter the Complete Bar Order prescribed in paragraph 7 of this Agreement, or the Complete Bar Order does not become final after entry by the Court, (*v*) the Superior Court declines to enter an order dismissing with prejudice the claims against Canova in the State Derivative Action, or the order dismissing the claims against Canova does not become final after entry by the Superior Court, or (*vi*) any federal, state, or local court makes a final determination that any of the release provisions in paragraph 6 are not fully effective.

      (b)     Canova shall have the right, but not the obligation, to terminate this Agreement if (*i*) Brocade fails to seek, or the Court declines to enter, an order dismissing with prejudice the remaining claims against Canova in the Consolidated Federal Derivative Action and the Barbour Action, or the order dismissing the claims against Canova does not become final after entry by the Court, (*ii*) the Court declines to enter the Complete Bar Order prescribed in paragraph 7 of this Agreement, or the Complete Bar Order does not become final after entry by the Court, (*iii*) Brocade fails to seek, or the Superior Court declines to enter, an order dismissing with prejudice the claims against Canova in the State Derivative Action, or the order dismissing the claims against Canova does not become final after entry by the Superior Court, or (*iv*) any federal, state, or local court makes a final determination that any of the release provisions in paragraph 6 are not fully effective.

(c)     If this Agreement is terminated for any reason, the Parties shall be deemed to have reverted to their respective status as of the Effective Date.  In such a situation, and except as otherwise expressly provided, (*i*) this paragraph 10 shall remain in effect; (*ii*) the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and (*iii*) any portion of the Initial Payment previously paid by Canova (together with any accrued interest) shall be returned to Canova.

11.     No Admission of Liability.  The Parties understand and acknowledge that this Agreement, and any and all consideration given, constitutes a resolution of actual and potential claims and that entering into and executing this Agreement shall not be deemed or construed to be an admission of the truth or falsity of any claims that were or could have been made, or an acknowledgment or admission of liability, by either Party.

12.     Breach of Agreement.  The Parties specifically understand and agree that this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement.

13.     Authority to Execute Agreement.

(a)     The SLC members (Renato DiPentima and John Gerdelman) warrant and represent through counsel that each of them has authority to act on behalf of Brocade and the other Brocade Releasors.

(b)     Ralph C. Ferrara, Ann M. Ashton, and Jonathan E. Richman represent that they have the authority to enter into this Agreement on behalf of Brocade and the other Brocade Releasors, through the SLC, as well as any other attorneys who have represented or who now represent Brocade in connection with the Options Matters.

      (c)     Norman Blears and Robert Buehler represent that they have the authority to enter into this Agreement on behalf of Canova and the other Canova Releasees, as well as any other attorneys who have represented or who now represent Canova in connection with the Options Matters.

14.    <u>Representations of Counsel; Opportunity to Review</u>.  Each of the Parties represents that he or it (a) has read this Agreement (including, without limitation, the Recitals listed above), (b) has had sufficient opportunity to consult his or its own legal counsel concerning the negotiation and preparation, as well as the scope and effect, of this Agreement, (c) understands the content and legal effect of this Agreement, and (d) has signed this Agreement based upon his or its own free will.  The Parties have reviewed this Agreement and have had the opportunity to negotiate its terms and suggest changes to its language.  Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation and enforcement of this Agreement.

15.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, and, upon execution by the Parties, each copy so executed shall be deemed an original for all purposes.  All such executed counterparts shall be deemed one agreement.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding on Canova, Brocade, and the SLC.

16.    <u>Entire Agreement</u>.  This Agreement represents the entire agreement and understanding between Brocade, acting through the SLC, and Canova concerning the matters set forth herein.  No party has relied upon any representations or statements made by any other party, person, or entity that are not specifically set forth in this Agreement.

17.     <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Delaware, without regard for any choice-of-law provisions under Delaware law, except to the extent this Agreement expressly provides otherwise.

18.     <u>Retention of Jurisdiction</u>.  The Parties will ask the Court to retain continuing and exclusive jurisdiction to enforce the Complete Bar Order and to adjudicate any claims relating to its interpretation or to this Agreement.

19.     <u>No Oral Modification</u>.  Each of the Parties understands and agrees that this Agreement shall not be changed or amended in any respect, except by a writing executed by each of the Parties hereto or their authorized representatives.

20.     <u>No Further Settlement</u>.  Nothing in this Agreement shall be construed to settle, release, waive, or otherwise affect Brocade's claims or right to proceed and recover against any defendant in the Consolidated Federal Derivative Action, the Barbour Action, or the State Derivative Action other than Canova, or any person or entity other than the Canova Releasees.

21.     <u>Assignment</u>.  The Parties hereby represent and warrant that they have not assigned, conveyed, or granted any right, option, or interest in, or otherwise transferred in any manner whatsoever to any person or entity, any right, claim, or cause of action that is the subject of this Agreement.

IN WITNESS WHEREOF, the Parties, intending to be legally bound, have signed below through their duly authorized representatives.


Norman J. Blears
Robert B. Buehler
Hogan & Hartson LLP
525 University Avenue, 2nd Floor
Palo Alto, California  94301

ON BEHALF OF CANOVA

Ralph C. Ferrara
Ann M. Ashton
Jonathan E. Richman
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York  10019

ON BEHALF OF BROCADE

20