```
 1  DEWEY & LEBOEUF LLP
    Barbara A. Caulfield (bcaulfield@dl.com) SBN 108999
 2  Peter E. Root (proot@dl.com) SBN 142348
    1950 University Avenue, Suite 500
 3  East Palo Alto, California 94303
    Telephone:  (650) 845-7000
 4  Facsimile:  (650) 845-7333

 5  DEWEY & LEBOEUF LLP
    1101 New York Avenue, N.W., Suite 1100
 6  Washington, DC 20005
    Telephone:  (202) 346-8000
 7  Facsimile:  (202) 346-8102

 8  DEWEY & LEBOEUF LLP
    1301 Avenue of the Americas
 9  New York, New York 10019
    Telephone:  (212) 259-8000
10  Facsimile:  (212) 259-6333

11  Attorneys for Plaintiff Brocade
    Communications Systems, Inc.
12
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BROCADE COMMUNICATIONS SYSTEMS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>**ALL ACTIONS** | Case No. C 05-02233 CRB<br><br>[PROPOSED] ORDER APPROVING SETTLEMENT AND ENTRY OF COMPLETE BAR ORDER AS TO DEFENDANT SETH D. NEIMAN<br><br>Date:     July 24, 2009<br>Time:    10:00 a.m.<br>Dept:    8, 19th Floor<br>Judge:   Hon. Charles R. Breyer |

1  Plaintiff Brocade Communications Systems, Inc.'s ("Brocade") Notice of Motion and Motion for Approval of Settlement and Entry of Complete Bar Order as to Defendant Seth D. Neiman ("Neiman"), dated June 25, 2009 (the "Motion"), having been presented to the Court; and,

IT APPEARING TO THE SATISFACTION OF THE COURT THAT:

1. Copies of the following documents were served on the other parties to this action and their counsel of record:

    a. the Motion;

    b. the Declaration of Peter E. Root in support of the Motion, which attached the May 18, 2009 settlement agreement between Brocade and Neiman (the "Settlement Agreement");

    c. the Declaration of the Special Litigation Committee Members in support of this Motion; and

    d. this [Proposed] Order;

2. Any timely objections to the settlement have been heard and considered;

3. The Settlement Agreement provides that Mr. Neiman will contribute $450,000 to his attorneys to be applied as a credit to reduce the legal fees and expenses that Brocade otherwise might be obligated to pay on Neiman's behalf;

4. Upon entry of this Order, Brocade and Neiman will file a joint stipulation and proposed order for dismissal with prejudice of Brocade's remaining claims against Neiman, and Neiman's counterclaims against Brocade, in this Action. Brocade also shall dismiss all claims with prejudice against Neiman in the arbitration to which this Court previously referred this matter, and shall move the Superior Court at an appropriate time for an order dismissing with prejudice the claims against Neiman in the State Derivative Action, captioned *In re Brocade Communications Systems, Inc. Derivative Litigation*, Case No. 1:05-CV-041683 (Komar, J.);

5. The Settlement Agreement provides for "a judgment credit equal to the Neiman Releasees' pro rata share of the judgment against such person or entity, pursuant to the terms of Delaware law; provided further that, if a court should determine that the amount of the judgment-

reduction credit should be prescribed in whole or in part by federal law or by California law, the amount of the judgment-reduction credit shall be equal to (*i*) the amount specified in 15 U.S.C. § 78u-4(f)(7)(B), to the extent federal law applies, or (*ii*) the amount of the fee credit provided for in paragraph 1(b) [of the Settlement Agreement] to the extent California law applies"; and

6. No confidentiality clause of any kind is contained in the Settlement Agreement;

NOW, THEREFORE, IT IS DETERMINED AND ORDERED THAT:

The Settlement Agreement between Brocade, by and through the Special Litigation Committee of its Board of Directors, and Neiman, is hereby approved.

A Complete Bar Order consistent with the Settlement Agreement is hereby entered in favor of Neiman as follows, with the terms "Parties," "Consolidated Federal Derivative Action," "State Derivative Action," "Barbour Action," "Released Claim," "Options Matters," "Neiman Releasees," and "Effective Date" having the meaning and scope ascribed to them in the Settlement Agreement:

(a) Any and all persons and entities, including, without limitation, the other defendants in the Consolidated Federal Derivative Action, the State Derivative Action, and the Barbour Action (collectively, the "Other Defendants"), are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Neiman Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnity or contribution or however denominated, where the claim is or arises out of a Released Claim or out of the Options Matters and the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade, including, without limitation, any claim in which a person or entity seeks to recover from any of the Neiman Releasees (*i*) any amounts such person or entity has or might become liable to pay to Brocade and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by Brocade. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph (a) are

intended to preclude any liability of any of the Neiman Releasees to any person or entity (including any Other Defendant) for indemnity or contribution, however denominated, on any claim that is or arises out of a Released Claim or out of the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade; *provided, however,* that if Brocade obtains any judgment against any such person or entity based upon, arising out of, or relating to a Released Claim or the Options Matters for which such person or entity and any of the Neiman Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to the Neiman Releasees' pro rata share of the judgment against such person or entity, pursuant to the terms of Delaware law; *provided further* that, if a court should determine that the amount of the judgment-reduction credit should be prescribed in whole or in part by federal law or by California law, the amount of the judgment-reduction credit shall be equal to (*i*) the amount specified in 15 U.S.C. § 78u-4(f)(7)(B), to the extent federal law applies, or (*ii*) the amount of the fee credit provided for in paragraph 1(b) of the Settlement Agreement to the extent California law applies. The provisions of this subparagraph shall not apply to any claim by a Neiman Releasee against another Neiman Releasee; any such claims shall be covered by the following subparagraph (b).

    (b) Each and every Neiman Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including, without limitation, any Other Defendant) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnity or contribution or however denominated, where the claim is or arises from a Released Claim and the alleged injury to such Neiman Releasee arises from that Releasee's or any other person's or entity's alleged liability to Brocade, including, without limitation, any claim in which any Neiman Releasee seeks to recover from any person or entity, including another Neiman Releasee or any Other Defendant,

(*i*) any amounts any such Neiman Releasee has or might become liable to pay to Brocade and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by Brocade. All such claims are hereby extinguished, discharged, satisfied, and unenforceable; *provided, however,* that nothing in this subparagraph (b) is intended to apply to Neiman's entitlement to fees and expenses as provided in paragraphs 1, 2, and 3 of the Settlement Agreement.

(c) Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph (c), a "Petitioner") commences against any of the Neiman Releasees any claim or action either (*i*) asserting a claim that is or arises from a Released Claim or the Options Matters and where the alleged injury to such person or entity arises from that person's or entity's or any other person's or entity's alleged liability to Brocade or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this subparagraph or is otherwise not barred by the Complete Bar Order, neither this Complete Bar Order nor the Settlement Agreement shall bar claims by that Neiman Releasee against (*a*) such Petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the Petitioner, whose assets or estate are or were controlled, represented, or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph (c) in connection with the assertion of the claim brought against the Neiman Releasee(s); *provided, however,* that the Settlement Agreement and this Complete Bar Order shall not bar or enjoin Brocade from bringing any and all claims against any non-Neiman Releasee; *provided, further,* that nothing in this Complete Bar Order or the Settlement Agreement shall prevent the Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

(d)     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Neiman Releasees the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

Dated:   July 16, 2009



_____
THE HONORABLE CHARLES R. BREYER