1    DEWEY & LEBOEUF LLP
     Barbara A. Caulfield (bcaulfield@dl.com) SBN 108999
2    Peter E. Root (proot@dl.com) SBN 142348
     1950 University Avenue, Suite 500
3    East Palo Alto, California 94303
     Telephone: (650) 845-7000
4    Facsimile: (650) 845-7333

5    *Attorneys for Plaintiff*
     *Brocade Communications Systems, Inc.*

6

7                        **UNITED STATES DISTRICT COURT**

8                       **NORTHERN DISTRICT OF CALIFORNIA**

9                          **SAN FRANCISCO DIVISION**

10

11   **IN RE BROCADE COMMUNICATIONS**        Case No.  C 05-02233 CRB
     **SYSTEMS, INC. DERIVATIVE**
12   **LITIGATION**                           **NOTICE OF MOTION AND MOTION**
                                              **FOR PARTIAL LIFTING OF STAY**
13   **This Document Relates to:**            **AND FOR APPROVAL OF**
                                              **SETTLEMENT AND ENTRY OF**
14        **ALL ACTIONS**                     **COMPLETE BAR ORDER AS TO**
                                              **DEFENDANT GREGORY L. REYES**
15
                                              Date:      December 4, 2009
16                                            Time:      10:00 a.m.
                                              Judge:     Honorable Charles R. Breyer
17                                            Dept:      8, 19th Floor

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3    I.     INTRODUCTION ........................................................................................ 3

4    II.    BACKGROUND FACTS ........................................................................... 4

5    III.   THE COURT SHOULD APPROVE THE SETTLEMENT WITH REYES. ................... 6

6    IV.    THE COURT SHOULD ENTER A CONTRIBUTION BAR. ......................................... 8

7           A.     Delaware Law Appears To Govern The Contribution Bar. .................................... 9

8           B.     The Requested Bar Order Is Necessary And Appropriate. ................................... 10

9    V.     THE COURT SHOULD LIFT THE STAY FOR THE LIMITED PURPOSE OF
            THIS MOTION. ........................................................................................... 12

10
     VI.    CONCLUSION ........................................................................................ 13
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Bluth v. Bellow,*
   1987 WL 9369 (Del. Ch. Apr. 9, 1987) ................................................................ 7

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1991)................................................................................ 11

*Eichenholtz v. Brennan,*
   52 F.3d 478 (3d Cir. 1995)..................................................................................... 11

*Franklin v. Kaypro Corp.,*
   884 F.2d 1222 (9th Cir. 1989)........................................................................... 11, 12

*Gackstetter v. Frawley,*
   135 Cal. App. 4th 1257 (Cal. Ct. App. 2006) ....................................................... 12

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.,*
   2008 WL 2566867 (S.D. Tex. June 24, 2008) ........................................................ 9

*In re Heritage Bond Litig.,*
   546 F.3d 667 (9th Cir. 2008).......................................................................... 9, 11, 12

*Lockyer v. Mirant Corp.,*
   398 F.3d 1098 (9th Cir. 2005)................................................................................ 12

*Valeant Pharm. Int'l v. Jerney,*
   921 A.2d 732 (Del. Ch. 2007).................................................................................. 7

*Zapata v. Maldonado,*
   430 A.2d 779 (Del. 1980) ..................................................................................... 6, 7

## STATUTES

10 Del. Code § 6302(d)................................................................................................. 9

10 Del. Code § 6304(b)......................................................................................... passim

15 U.S.C. § 78u-4(f)(7)(B)............................................................................................ 2

Cal. Code Civ. P. § 877(a) ........................................................................................... 9

Cal. Code Civ. P. § 877.6............................................................................................ 9, 10

Cal. Code Civ. P. § 877.6(c) ....................................................................................... 12

Federal Rule of Civil Procedure 23.1........................................................................... 6

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on December 4, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Charles R. Breyer, Department 8, 19th Floor, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, plaintiff Brocade Communications Systems, Inc. ("Brocade"), by and through the Special Litigation Committee of its Board of Directors (the "SLC"), will and hereby does move this Court to partially lift the stay of proceedings in this action and to approve the settlement between Brocade and Gregory L. Reyes ("Reyes") and enter a contribution bar order pursuant to this settlement.

1.     **Settling Parties**:  The parties to this settlement are Brocade, by and through the SLC, and Reyes.

2.     **Basis and Terms**:  The basis and terms of the settlement are set forth in the Settlement Agreement, a true and correct copy of which is attached as Exhibit A to the accompanying Declaration of Peter E. Root in Support of Motion for Approval of Settlement with Defendant Gregory L. Reyes, and is incorporated herein by reference.

3.     **Amount**:  The monetary consideration for the settlement with Reyes is $12,500,000.00.  In addition, Reyes has agreed to release indemnification and advancement rights as of May 2, 2009, as more fully described in the Settlement Agreement.

4.     **List of Parties**:  The following is a list of all remaining parties to this action:

        a.     Plaintiff:  Brocade Communications Systems, Inc.

        b.     Defendant:  Reyes.

5.     **Pleading Affected By Settlement**:  The pleading affected by the settlement is the Second Amended Complaint filed by Brocade on August 1, 2008 (the "Complaint").

6.     **Request for Entry of Complete Bar Order**:  Brocade, by and through the SLC, moves the Court to enter the proposed contribution-bar order (the "Complete Bar Order") that is provided for in paragraph 11 of the Settlement Agreement.

NOTICE AND MOTION FOR APPROVAL OF
REYES SETTLEMENT (C 05-02233-CRB)

1      7.      **Judgment-Reduction Credit**:  The judgment-reduction credit or set-off amount

2  given to non-settling persons for any joint liability with Reyes will be the amount prescribed in

3  subparagraph 11(b) of the Reyes Settlement Agreement, which provides that the judgment-

4  reduction credit will be equal to the Reyes Releasees' "pro rata share of the judgment against

5  such [non-settling] person or entity, pursuant to the terms of Delaware law; *provided further* that,

6  if a court should determine that the amount of the judgment-reduction credit should be prescribed

7  in whole or in part by federal law or by California law, the amount of the judgment-reduction

8  credit shall be equal to (*i*) the amount specified in 15 U.S.C. § 78u-4(f)(7)(B), to the extent

9  federal law applies, or (*ii*) $12,500,000.00, to the extent California law applies."

10      8.      **Request for Dismissal**:  Upon entry of the Complete Bar Order, Brocade will

11  move the Court for an order dismissing with prejudice the remaining claims against Reyes in this

12  action and the related arbitration proceeding.  The dismissal of those claims will end all

13  remaining proceedings in this action.

14      The present motion is based upon this Notice of Motion and Motion, the attached

15  Memorandum of Points and Authorities, the accompanying Declaration of Peter E. Root, the

16  accompanying Declaration of the Special Litigation Committee members, the [Proposed] Order

17  Partially Lifting Stay, and the [Proposed] Order Approving Settlement and Entry of Complete Bar

18  Order as to Defendant Gregory L. Reyes.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Brocade Communications Systems, Inc. ("Brocade"), by and through the Special Litigation Committee of its Board of Directors (the "SLC"), respectfully requests that the Court lift the stay of proceedings in this action and enter an Order (*i*) approving the settlement that the SLC has reached on behalf of Brocade with defendant Gregory L. Reyes and (*ii*) barring contribution claims against Reyes in accordance with 10 Del. Code § 6304(b) and the Court's inherent authority to preclude such claims.  The settlement agreement with Reyes (the "Settlement Agreement") – which is attached as Exhibit A to the accompanying Declaration of Peter E. Root (the "Root Declaration" or "Root Decl.") – provides for Reyes to pay $12,500,000.00 to Brocade.  The Settlement Agreement also provides that, subject to certain limited exceptions more fully described in the Agreement, Brocade will not be responsible as of May 2, 2009 for any further advancement or indemnification of fees, expenses, fines or penalties, amounts of disgorgement, judgments, or settlements that Reyes has incurred or might incur in the future arising out of or relating to Brocade's past equity-compensation practices or the allegations in the SLC Complaint.

Because the Court has realigned Brocade as the sole plaintiff in this action and has dismissed the original shareholder plaintiffs, the Court's approval of the settlement itself does not appear to be required.  However, the SLC seeks the Court's approval of the settlement out of respect for the Court's long involvement in this litigation and the SLC's desire to ensure that the Court does not disapprove of its handling of this matter on behalf of Brocade.

Court action is required for entry of the requested bar order (the "Complete Bar Order"), although the Delaware statute appears to be self-executing in precluding contribution claims where – as here – the plaintiff agrees to give nonsettling parties the judgment-reduction credit required by Delaware law.  (The settling parties believe that Delaware law probably governs this issue, because the claims being settled are all Delaware-law claims.)  Nevertheless, to preempt any question about whether Reyes is protected from contribution claims, Reyes has conditioned the settlement on the Court's entry of the requested bar order.

1    **II.    BACKGROUND FACTS**

2           Since 2004, Brocade and several of its former officers, directors, and employees have

3    been embroiled in a series of internal investigations and legal proceedings related to the

4    backdating and manipulation of stock options.  Those matters have included two internal

5    investigations, criminal trials of two high-ranking Brocade officers (including Reyes), SEC

6    investigations and civil enforcement actions, federal- and state-court securities class actions, and

7    several federal- and state-court shareholder derivative actions.

8           In February 2008, Brocade's Board of Directors appointed two outside directors as a

9    Special Litigation Committee and delegated to the SLC plenary authority to decide whether

10   Brocade's and its shareholders' best interests would be served by pursuing or otherwise resolving

11   any and all claims arising out of Brocade's historical equity-options compensation practices and

12   related matters (the "Options Matters"), including, without limitation, the claims asserted in *In re*

13   *Brocade Communications Systems, Inc. Derivative Litigation*, No. 1:05cv041683 (the "Superior

14   Court Action") and in two actions filed in this Court:  the above-captioned action (the

15   "Consolidated Federal Derivative Action") and *Barbour v. Reyes*, No. 08-cv-2029-CRB.  The

16   Board also delegated to the SLC, to the fullest extent permitted by law, the exclusive power and

17   authority to take any and all actions the SLC deems necessary or appropriate to the exercise of the

18   delegation made to it.  SLC Decl. ¶ 3.[1]

19          On August 1, 2008, the SLC filed a Second Amended Complaint (the "SLC Complaint")

20   on behalf of Brocade in this action against ten former directors, officers, and employees of the

21   company, including Reyes.  SLC Decl. ¶ 4.  Reyes formerly was the Chief Executive Office and

22   Chairman of the Board of Brocade.  SLC Decl. ¶ 5.  Reyes already had been named as a

23   defendant in the Consolidated Federal Derivative Action, the Superior Court Action, and the

24   *Barbour* Action.

25          After filing the Complaint, the SLC moved to realign Brocade as the party-plaintiff and to

26   replace the original shareholder plaintiffs in all of the derivative actions.  SLC Decl. ¶ 7.

27   _____

28   [1]      Citations to the "SLC Decl." refer to the joint Declaration of Brocade's Special Litigation Committee members Renato A. DiPentima and John W. Gerdelman accompanying this motion.

On October 6, 2008, all of the defendants moved to dismiss the claims asserted against them in the SLC Complaint.  SLC Decl. ¶ 9.  On December 12, 2008, the Court issued an Order, supplemented by a January 6, 2009 Opinion, dismissing certain claims against Reyes in the Consolidated Federal Derivative Action, but denying Reyes' motion to dismiss other certain claims.  *In re Brocade Commc'ns Sys., Inc. Deriv. Litig.*, 615 F. Supp. 2d 1018 (N.D. Cal. 2009); *In re Brocade Commc'ns Sys., Inc. Deriv. Litig.*, No. C 05-02233 CRB, 2008 WL 5213460 (N.D. Cal. Dec. 12, 2008).

Mr. Reyes was among five defendants remaining in the Consolidated Federal Derivative Action following the Court's ruling on the motions to dismiss.[2]  SLC Decl. ¶ 12.  Brocade reached settlements with two of those defendants – Robert D. Bossi and Antonio Canova – in January 2009, and the Court approved the settlements and entered contribution-bar orders as to those defendants.  SLC Decl. ¶ 13.

As of February 2009, Brocade and the remaining three defendants in the Consolidated Federal Derivative Action – Reyes, Neal Dempsey, and Seth D. Neiman – entered into an Agreement to Binding Arbitration.  SLC Decl. ¶ 14.  On February 27, 2009, the Court entered a stipulated Order Referring Action to Binding Arbitration, and stayed the Consolidated Federal Derivative Action pending completion of the arbitration proceeding.  SLC Decl. ¶ 15.

The SLC (on behalf of Brocade) later entered into settlements with Dempsey and Neiman.  SLC Decl. ¶ 16.  The Court approved those settlement and entered contribution-bar orders in July 2009.  *Id.*

The SLC entered into a settlement with Reyes on August 14, 2009.  SLC Decl. ¶ 17.  Brocade now moves for a partial lifting of the stay and for an Order approving the settlement between Brocade and Reyes, and entering a contribution bar order in accordance with 10 Del. Code § 6304(b).

---

[2]      The Court dismissed all claims against five other defendants as untimely for purposes of this action.  SLC Decl. ¶ 11.  In so ruling, the Court stated that "[t]he state [derivative] action has not been dismissed, rather it has been stayed pending the outcome of this action.  Thus, Plaintiff would not lose all remedies against the state court Defendants if equitable tolling is not permitted here."  *In re Brocade Commc'ns Sys., Inc., Deriv. Litig.*, 615 F. Supp. 2d at 1042.

- 5 -

**ARGUMENT**

This motion presents two separate, but related issues:  whether the Court should approve Brocade's settlement with Reyes, and whether the Court should enter an order barring contribution claims against him.  As discussed below, Brocade believes it is free to settle this *direct* action without judicial approval, but the SLC has decided to seek the Court's approval.  Entry of the requested bar order does require judicial action to provide the express protection that the settling defendant seeks.  Brocade will address each of these issues in turn.

**III.     THE COURT SHOULD APPROVE THE SETTLEMENT WITH REYES.**

The Federal Rules of Civil Procedure and the law of the State of Delaware (Brocade's state of incorporation) require courts to approve settlements of *derivative* actions.  This case, however, is no longer a *derivative* action, because the Court realigned Brocade as the sole plaintiff and substituted it for the original shareholder plaintiffs, who have been dismissed from the case.  The case thus is now a *direct* action by Brocade, and neither federal nor Delaware law requires court approval of a corporation's settlement of a *direct* action against its former directors, officers, or employees.  Nevertheless, out of respect for the Court's long involvement in this matter and the Court's repeatedly expressed interest in ensuring the prompt and appropriate resolution of claims arising out of the options matters, the SLC seeks the Court's approval of the settlement, because the SLC wishes to ensure that the Court does not object to the way the SLC has been handling this action on behalf of Brocade.  *See* SLC Decl. ¶ 23.

Federal Rule of Civil Procedure 23.1 – which "applies when one or more shareholders . . . bring a *derivative* action to enforce a right that the corporation . . . may properly assert but has failed to enforce" – provides that "[a] *derivative* action may be settled, voluntarily dismissed, or compromised only with the court's approval" and upon notice to shareholders "in the manner that the court orders." Fed. R. Civ. P. 23.1(a), (c) (emphasis added).  Delaware Court of Chancery Rule 23.1 is to the same effect.  Similarly, the Delaware Supreme Court held in *Zapata v. Maldonado*, 430 A.2d 779, 788-89 (Del. 1980), that court approval is required where a special litigation committee seeks to take over and dismiss a shareholder *derivative* action.

These rules do not apply to this case and to the settlement with Reyes, however, because

- 6 -

1   this case is no longer a *derivative* action.  Brocade has been realigned as the sole plaintiff and has

2   been substituted for the shareholder plaintiffs pursuant to this Court's Order and the shareholder

3   plaintiffs' approval.  The *Zapata* decision also does not control here, because the corporation in

4   *Zapata* had *not* been realigned as the sole plaintiff; thus, the case that the special litigation

5   committee sought to dismiss in *Zapata* was still a *derivative* action.  In fact, the Delaware Court

6   of Chancery has held that *Zapata* does not apply to a motion to *realign* a corporation as a plaintiff

7   to prosecute what was formerly a derivative action where there was no threat of collusion

8   between the corporation and the defendants.  *Bluth v. Bellow*, 1987 WL 9369 (Del. Ch. Apr. 9,

9   1987).

10          No decision to our knowledge has squarely addressed the precise question presented here:

11  whether court approval is required when a corporation that has been *realigned as the sole plaintiff*

12  seeks to settle a *direct* action against a former corporate director, officer, or employee.  However,

13  the concerns that animated Federal and Delaware Rules 23.1 and the *Zapata* decision do not

14  apply in this context, because, as in *Bluth*, there is no hint of collusion between the realigned

15  plaintiff corporation and the settling defendant, and no evidence that the corporation did not

16  prosecute and resolve the action in good faith.  To the contrary, Brocade vigorously litigated its

17  claims against Reyes and is obtaining a reasonable settlement from him.  Moreover, in *Valeant*

18  *Pharmaceuticals International v. Jerney*, 921 A.2d 732, 736 (Del. Ch. 2007), a corporation that

19  had been realigned as the plaintiff in a former derivative action settled a claim against its former

20  Chairman and CEO without seeking court approval, and the Chancery Court did not express any

21  concern about that procedure.

22          Accordingly, the SLC believes it is free to settle Brocade's claims against Reyes in this

23  direct action without court approval.  SLC Decl. ¶ 23.  However, as noted above, the SLC is

24  keenly aware of the Court's longstanding interest in this case and its desire to ensure that the

25  matter is handled appropriately.  *Id.*  Out of respect for the Court's work, and to ensure that the

26  Court does not question whether the SLC is exceeding its authority, the SLC seeks the Court's

27  approval of the settlement with Reyes, and the SLC respectfully asks the Court to grant its

28  approval.  *Id.*

1    In considering whether to settle with Reyes and in reaching the agreed settlement amount,

2    the SLC weighed a number of matters relevant to whether Brocade's best interests would be

3    served by continuing to litigate or by promptly resolving the remaining claims against him.

4    Those factors included (*i*) the likelihood of Brocade's success on the merits of the claims asserted

5    and the quantum of any likely recovery against Reyes, (*ii*) the assets Reyes has available to satisfy

6    any judgment entered against him in favor of Brocade, (*iii*) any obligation Brocade might have to

7    indemnify and/or advance attorneys' fees and expenses to Reyes in connection with the Options

8    Matters, including Brocade's litigation of the claims asserted in the Complaint against him,

9    (*iv*) Brocade's own costs to pursue claims against Reyes, (*v*) the funds recovered and anticipated

10   to be recoverable from other defendants, (*vi*) the $9,500,000 contributed to Brocade by Wilson

11   Sonsini Goodrich & Rosati, P.C., (*vii*) the $15,000,000 that Reyes paid as a criminal fine without

12   seeking indemnification or reimbursement from Brocade, (*viii*) Reyes' pledge to use his best

13   efforts to direct to Brocade the recovery of fines, penalties, or disgorgements that he has paid or

14   might pay in the future in connection with his disposition of any governmental proceeding, and

15   (*ix*) Reyes' waiver of any claims for indemnification or for advancement of fees and expenses as

16   of May 2, 2009.  SLC Decl. ¶ 21.

17   Based on these various considerations, the SLC determined that prompt settlement with

18   Reyes would be in Brocade's best interests and would save Brocade substantial amounts of

19   attorneys' fees and advancements of defense costs (including in connection with any further

20   appeals or retrial of the criminal case against Reyes).  SLC Decl. ¶ 22.  Accordingly, Brocade

21   believes that the settlement is reasonable in light of the circumstances presented here, and

22   Brocade respectfully asks the Court to approve it.

23   **IV.    THE COURT SHOULD ENTER A CONTRIBUTION BAR.**

24   The settling parties also respectfully ask the Court to issue an Order barring contribution

25   claims (however denominated) against Reyes.  Delaware law precludes such claims where – as

26   here – a settlement provides an appropriate judgment-reduction credit to nonsettling parties, and

27   the Court has inherent authority to enter the requested bar order.  The Complete Bar Order that

28   Brocade asks the Court to enter in connection with the settlement with Reyes is substantively

- 8 -

1    identical to the Complete Bar Orders that the Court entered in connection with its approval of

2    Brocade's settlements with Canova, Dempsey, and Neiman.  *See* Docket Nos. 435, 452, 453.

3         **A.**       <u>**Delaware Law Appears To Govern The Contribution Bar.**</u>

4         Although the authorities on this issue are not clear, case law appears to suggest that the

5    law underlying the claims being settled determines the extent to which the settlement must

6    provide judgment-reduction credit to nonsettling parties in exchange for barring contribution

7    claims – especially where the plaintiff's claims against the nonsettling parties are based on the

8    same jurisdiction's laws as are the plaintiff's claims against the settling defendant.  *See, e.g., In re*

9    *Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 2008 WL 2566867, at *9, *11 (S.D. Tex. June 24,

10   2008) (applying federal judgment-reduction law for credit as to federal claims, and Ohio

11   judgment-reduction law for credit as to Ohio-law claims); *see also In re Heritage Bond Litig.,* 546

12   F.3d 667-81 (9th Cir. 2008)  (applying federal judgment-reduction credit as to federal claims and

13   Cal. Code Civ. P. § 877.6 for state-law claims).

14        In this case, the pending claims against Reyes are Delaware-law claims, because the Court

15   dismissed Brocade's federal and California-law causes of action against him.  Similarly,

16   Brocade's claims against any nonsettling persons are also likely to be Delaware-law claims.

17   Thus, Delaware law would appear to be the appropriate law to govern issues relating to the

18   contribution bar and the accompanying judgment-reduction credit.

19        Nonsettling parties can hardly complain about Brocade's willingness to apply Delaware

20   law to the settlement agreement with Reyes, because Delaware law appears to be *more* favorable

21   to nonsettling parties than is California law – the law of the forum, which the Court might

22   otherwise apply to state-law claims.  Under California's good-faith settlement statute, a good-

23   faith settlement reduces a judgment against jointly liable nonsettling defendants by the greater of

24   the good-faith settlement amount (here, $12,500,000) or "the amount stipulated by the release

25   . . . ."  Cal. Code Civ. P. § 877(a).  As discussed below, however, Delaware law gives jointly

26   liable nonsettling defendants a judgment-reduction credit equal to the settling defendant's "pro

27   rata share" of the plaintiff's damages.  10 Del. Code § 6304(b).  The "pro rata share" under

28   Delaware law requires consideration of proportional fault, because 10 Del. Code § 6302(d) states

that, "[w]hen there is such a disproportion of fault among joint tort-feasors as to render

inequitable an equal distribution among them of the common liability by contribution, the *relative*

*degrees of fault* of the joint tort-feasors shall be considered in determining their pro rata shares"

(emphasis added).

In this case, where Brocade has claimed hundreds of millions of dollars in damages,

Reyes' settlement amount ($12,500,000) is likely to be less than any remaining nonsettling

defendant's pro rata share of Brocade's damages, so the nonsettling defendant would benefit from

Brocade's willingness to grant "pro rata" judgment reduction under Delaware law, rather than *pro*

*tanto* judgment reduction under California law.[3]

### B.  The Requested Bar Order Is Necessary And Appropriate.

The Delaware Code specifies the circumstances in which a settling party can be protected

from contribution claims by nonsettling parties:

> A release by the injured person of one joint tort-feasor does not relieve the
> one joint tort-feasor from liability to make contribution to another joint
> tort-feasor unless the release is given before the right of the other tort-
> feasor to secure a money judgment for contribution has accrued, and
> provides for a *reduction, to the extent of the pro rata share of the released
> tort-feasor*, of the injured person's damages recoverable against all the
> other tort-feasors.

10 Del. Code § 6304(b) (emphasis added).

Paragraph 11(b) of the Settlement Agreement here provides for the pro-rata judgment-

reduction credit contemplated by § 6304(b):

> [I]f Brocade obtains any judgment against [a] person or entity based upon,
> arising out of, or relating to a Released Claim or the Options Matters for
> which such person or entity and any of the Reyes Releasees are found to
> be jointly liable, that person or entity shall be entitled to a judgment credit
> equal to the Reyes Releasees' *pro rata share of the judgment* against such
> person or entity, pursuant to the terms of Delaware law [emphasis added].

---

[3]      Moreover, if California law were to apply, the California statute expressly authorizes
judgment-reduction credits of any stipulated amount, so the parties' reliance on Delaware's
judgment-reduction credit would not be inconsistent with California law.  Thus, the parties in
effect could use California's good faith settlement statute (Cal. Code. Civ. P. § 877.6) to
incorporate Delaware's probably broader judgment-reduction credit in this case.

1   This contractual credit satisfies the terms of § 6304(b).[4]

2       Where, as here, the judgment-reduction credit comports with § 6304(b)'s requirement, the

3   Delaware statute appears to be self-executing:  it states that contribution claims will be barred if

4   the proper credit is provided to the nonsettling parties.  Nevertheless, the settlement here is

5   conditioned on entry of a Complete Bar Order to enforce the statute's terms:  Reyes has the right

6   to terminate the agreement if the Court does not enter the bar order.  *See* Root Decl., Ex. A,

7   ¶ 14(a).  Reyes insisted on this condition because he wants to ensure he will be protected from

8   contribution claims (and any other claims seeking to recover a nonsettling party's joint liability to

9   Brocade).

10       Public policy strongly favors settlement, particularly of complex and multi-party suits

11   such as this one.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1991).

12   However, courts recognize that defendants are unlikely to settle if the settlement will not end their

13   involvement in litigation and will leave them exposed to further liability.  As the Ninth Circuit

14   has noted, "[a]nyone foolish enough to settle without barring contribution is courting disaster."

15   *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (internal quotation marks omitted).

16   *See also, e.g., Eichenholtz v. Brennan*, 52 F.3d 478, 486 (3d Cir. 1995) ("to encourage settlement

17   in [multi-party] cases, modern settlements increasingly incorporate settlement bar orders into

18   partial settlements").

19       Accordingly, courts have used their inherent powers to bar contribution claims (and other

20   such claims based on the nonsettling parties' liability to the plaintiff) where the nonsettling

21   parties are given the appropriate judgment-reduction credit in exchange for the loss of their

22   contribution claims.  *See, e.g., In re Heritage Bond Litig.*, 546 F.3d 667, 676 (9th Cir. 2008) ("We

23   have already acknowledged the authority of a district court under federal common law to issue

24   bar orders barring future claims for contribution and indemnity as part of its approval of a

25   proposed settlement"); *Eichenholtz*, 52 F.3d at 486 ("we agree with the federal courts that have

26

27   _____
    [4]    In an excess of caution, paragraph 11(b) of the Reyes Agreement also stipulates what the
28   judgment-reduction credit would be if a court were to determine that California or federal law
    should apply.

1   imposed the [contribution] bar as a matter of federal common law" in securities cases); *Franklin*,

2   884 F.2d at 1229 (declining "to prohibit orders that bar further contribution").  And California

3   law, to the extent applicable, also provides for contribution bars under § 877.6(c) of the Code of

4   Civil Procedure.

5          The scope of the proposed Complete Bar Order comports with legal requirements.  As the

6   Ninth Circuit recently explained (in applying federal and California law), a bar order "may only

7   bar claims for contribution and indemnity and claims where the injury is the non-settling

8   defendant's liability to the plaintiff."  *In re Heritage Bond Litig.*, 546 F.3d at 680 (internal

9   quotation marks omitted); accord *id.* at 681; *cf., e.g., Gackstetter v. Frawley*, 135 Cal. App. 4th

10  1257, 1274 (Cal. Ct. App. 2006) ("A claim by a joint tortfeasor seeking neither indemnity nor

11  contribution survives a good faith settlement under [Cal. Code Civ. P.] section 877.6.  But a party

12  may not avoid a section 877.6 motion by providing different labels for what are in reality

13  indemnity or contribution claims.").

14         The Complete Bar Order here seeks to bar only claims that arise out of the options-related

15  matters where the alleged injury to the barred person or entity is that person's or entity's "alleged

16  liability to Brocade . . . ."  Root Decl., Ex. A, ¶¶ 11(a), 11(b), 11(c).  The Complete Bar Order

17  thus does not purport to bar "independent" claims where the damages at issue do *not* flow from

18  the barred person's or entity's liability to Brocade.

19         In the circumstances of this case, where Reyes seeks to limit his future liability and has

20  conditioned his settlement on obtaining a contribution-bar order, the parties respectfully ask the

21  Court to exercise its equitable powers by issuing the Complete Bar Order prescribed in the

22  Settlement Agreement.

23  **V.     THE COURT SHOULD LIFT THE STAY FOR THE LIMITED PURPOSE OF
           THIS MOTION.**

24

25         The lifting of a stay, just like the decision to impose a stay, is a matter addressed to the

26  "discretionary power" of the district court.  *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th

27  Cir. 2005).  The lifting of the stay for the limited purposes of approving the settlement and

28  entering the bar order is entirely appropriate in view of the SLC's decision not to pursue claims

NOTICE AND MOTION FOR APPROVAL OF
REYES SETTLEMENT (C 05-02233-CRB)

1   against Reyes.

2   **VI.**      **CONCLUSION**

3          For the foregoing reasons, Brocade respectfully requests that the Court temporarily lift the

4   stay of proceedings, approve Brocade's settlement with Reyes, and enter the Complete Bar Order

5   provided for in paragraph 11 of the Settlement Agreement.

6   Dated:  October 9, 2009                    Respectfully submitted,

7                                              DEWEY & LEBOEUF LLP
                                               /s/ Peter E. Root
8                                              _____
                                               Peter E. Root
9                                              Attorneys for Plaintiff
                                               Brocade Communications Systems, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28