DEWEY & LEBOEUF LLP
Barbara A. Caulfield (bcaulfield@dl.com) SBN 108999
Peter E. Root (proot@dl.com) SBN 142348
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

*Attorneys for Plaintiff Brocade Communications Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BROCADE COMMUNICATIONS SYSTEMS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. C 05-02233 CRB<br><br>DECLARATION OF SPECIAL LITIGATION COMMITTEE MEMBERS IN SUPPORT OF SETTLEMENT WITH DEFENDANT GREGORY REYES<br><br>Date: December 4, 2009<br>Time: 10:00 a.m.<br>Judge: Honorable Charles R. Breyer<br>Dept.: 8, 19th Floor |

RENATO A. DIPENTIMA AND JOHN W. GERDELMAN declare and state as follows:

1. We are members of the Board of Directors of Brocade Communications Systems, Inc. ("Brocade"). We joined Brocade's Board in early 2007.

2. Unless otherwise stated, we make this Declaration based on personal knowledge. If called as a witness, each of us could and would testify competently about the matters stated in this Declaration.

3. On February 22, 2008, Brocade's Board appointed us as the sole members of a Special Litigation Committee (the "SLC") and delegated to the SLC plenary authority to decide whether Brocade's and its shareholders' best interests would be served by pursuing or otherwise

DECLARATION OF SLC MEMBERS IN SUPPORT
OF REYES SETTLEMENT
C 05-02233 CRB

Case3:05-cv-02233-CRB Document456 Filed10/09/09 Page2 of 6

resolving any and all claims arising out of Brocade's historical equity-options compensation practices and related matters (the "Options Matters"), including, without limitation, the claims asserted in the above-captioned action (the "Consolidated Federal Derivative Action") and *Barbour v. Reyes*, No. 08-cv-2029-CRB, both of which were brought in this Court, and in *In re Brocade Communications Systems, Inc. Derivative Litigation*, Lead Case No. 1:05-CV-041683, which is pending in the California Superior Court for Santa Clara County. The Board also delegated to the SLC, to the fullest extent permitted by law, the exclusive power and authority to take any and all actions the SLC deems necessary or appropriate to the exercise of the delegation made to it.

4. On August 1, 2008, after reviewing the factual record concerning the Options Matters, the SLC, acting on behalf of Brocade, filed a Second Amended Complaint (the "Complaint") in the Consolidated Federal Derivative Action, asserting claims against ten former directors, officers, or employees of Brocade in connection with the Options Matters, including Gregory Reyes.

5. Brocade's records reflect that Mr. Reyes served as Brocade's Chief Executive Officer from July 1998 until January 2005 and as Chairman of the company's Board of Directors from May 2001 to January 2005. Reyes also served as a Board member from July 1998 through April 2005 and was a Section 16 officer of the company from 1999 to early 2005.

6. The Complaint asserted claims against Reyes under federal, Delaware, and California law.

7. After filing the Complaint, the SLC moved to realign Brocade as the party-plaintiff and to replace the original shareholder plaintiffs in the derivative actions. The derivative plaintiffs stipulated to Brocade's motion on August 18, 2008.

8. On August 27, 2008, the Court issued an Order realigning Brocade as the sole party-plaintiff in the above-captioned action, substituting for the original shareholder plaintiffs. The Court also dismissed the shareholder plaintiffs from this action.

9. On October 6, 2008, Reyes and the other defendants moved to dismiss the claims asserted against them in the Complaint.

2.    DECLARATION OF SLC MEMBERS IN SUPPORT OF REYES SETTLEMENT
C 05-02233 CRB

10. On December 12, 2008, the Court issued an Order, supplemented by a January 6, 2009 Opinion, dismissing the federal- and California-law claims against Reyes, but declining to dismiss various Delaware-law claims against him.

11. The Court also dismissed all claims in the Complaint against five other defendants who had not previously been part of the Consolidated Federal Derivative Action, but who were defendants in the parallel State Derivative Action, on the ground that the Complaint was untimely as to them for purposes of the Consolidated Federal Derivative Action. In its January 6, 2009 Opinion, the Court stated that "[t]he [S]tate [Derivative] [A]ction has not been dismissed, rather it has been stayed pending the outcome of this action. Thus, Plaintiff would not lose all remedies against the state court Defendants if equitable tolling is not permitted here . . . ." *In re Brocade Commc'ns Sys., Inc., Deriv. Litig.*, 2009 WL 35235, at *13 (N.D. Cal. Jan 6, 2009).

12. After the Court's ruling on the motions to dismiss, five defendants – including Reyes – remained in the Consolidated Federal Derivative Action.

13. In late January 2009, the SLC (on behalf of Brocade) entered into settlements with two of the five remaining defendants in the Consolidated Federal Derivative Action: Robert D. Bossi and Antonio Canova. This Court approved the settlements and entered contribution bar orders as to Bossi and Canova in March and April 2009.

14. In February 2009, the SLC (on behalf of Brocade) entered into an agreement to binding arbitration with the three remaining defendants in the Consolidated Federal Derivative Action: Reyes, Neal Dempsey, and Seth Neiman.

15. On February 27, 2009, this Court entered a stipulated Order Referring Action to Binding Arbitration, and stayed the Consolidated Federal Derivative Action pending completion of the arbitration proceeding.

16. In May 2009, the SLC, on behalf of Brocade, entered into settlement agreements with Dempsey and Neiman. This Court approved those settlements in July 2009.

17. In August 2009, the SLC, on behalf of Brocade, entered into a settlement agreement with Reyes.

18. The settlement agreement, dated as of August 14, 2009, provides for Reyes to pay

$12,500,000.00 to Brocade.

19. In addition, Reyes agreed that, as of May 2, 2009, Brocade would not be responsible for any further advancement or indemnification of fees, expenses, fines or penalties, amounts of disgorgement, judgments, or settlements that Reyes might incur arising out of or relating to the Options Matters.

20. Brocade agreed to pay Reyes' reasonable attorneys' fees and expenses incurred through May 2, 2009, as well as his reasonable attorneys' fees and expenses in the future if Brocade calls him as a witness or otherwise requests his assistance in any future proceedings.

21. In considering whether to settle with Reyes and in reaching the agreed settlement amount, the SLC weighed a number of matters relevant to whether Brocade's best interests would be served by continuing to litigate or by promptly resolving the remaining claims against Reyes. Those factors included (*i*) the likelihood of Brocade's success on the merits of the claims asserted and the quantum of any likely recovery against Reyes, (*ii*) the assets Reyes has available to satisfy any judgment entered against him in favor of Brocade, (*iii*) any obligation Brocade might have to indemnify and/or advance attorneys' fees and expenses to Reyes in connection with the Options Matters, including Brocade's litigation of the claims asserted in the Complaint against him, (*iv*) Brocade's own costs to pursue claims against Reyes, (*v*) the funds recovered and anticipated to be recoverable from other defendants, (*vi*) the $9,500,000 contributed to Brocade by Wilson Sonsini Goodrich & Rosati, P.C., (*vii*) the $15,000,000 that Reyes paid as a criminal fine without seeking indemnification or reimbursement from Brocade, (*viii*) Reyes' pledge to use his best efforts to direct to Brocade the recovery of fines, penalties, or disgorgements that he has paid or might pay in the future in connection with his disposition of any governmental proceeding, and (*ix*) Reyes' waiver of any claims for indemnification or for advancement of fees and expenses as of May 2, 2009.

22. Based on these considerations, the SLC determined that a settlement with Reyes would be in Brocade's best interests and would save Brocade substantial amounts of attorneys' fees and advancements of defense costs. Accordingly, the SLC entered into the Reyes Settlement Agreement, which is being presented to the Court for approval.

23. The SLC understands that, in a direct action such as this one, court approval of a settlement does not appear to be required. However, in light of this Court's long involvement in the case and its interest in obtaining an appropriate resolution of these proceedings, the SLC wanted to ensure that the Court did not object to the SLC's handling of this matter on behalf of Brocade. The SLC therefore determined that it should present the settlement to the Court for its approval.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Annapolis, Maryland
September ___, 2009

_____
Renato A. DiPentima

Dated: Williamsburg, Virginia
September 29, 2009

_____
John W. Gerdelman

5.

DECLARATION OF SLC MEMBERS IN SUPPORT
OF REYES SETTLEMENT
C 05-02233 CRB

23. The SLC understands that, in a direct action such as this one, court approval of a settlement does not appear to be required. However, in light of this Court's long involvement in the case and its interest in obtaining an appropriate resolution of these proceedings, the SLC wanted to ensure that the Court did not object to the SLC's handling of this matter on behalf of Brocade. The SLC therefore determined that it should present the settlement to the Court for its approval.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Annapolis, Maryland
       September 29, 2009

_____/s/_____
Renato A. DiPentima

Dated: Williamsburg, Virginia
       September ___, 2009

_____
John W. Gerdelman

5.   DECLARATION OF SLC MEMBERS IN SUPPORT
     OF REYES SETTLEMENT
     C 05-02233 CRB